## Beaver Dam Coal Company v. Hocker, etc.

(Decided March 11, 1924.)

### Appeal from Ohio Circuit Court.

1. Master and Servant—Compensation Board's Findings on Evidence Conclusive.—Where evidence supports findings of fact of the workmen's compensation board, they are conclusive.

2. Master and Servant—Compensation Board May Correct Award at Any Time.—Under Kentucky Statutes, section 4902, workmen's compensation board may entertain a motion and application for review of an award to correct a mistake in computation of average weekly wage at any time, and section 2515, which fixes a time limit of five years for actions for relief on the ground of fraud and mistake, does not apply.

3. Master and Servant—Compensation Claimant's Average Weekly Wage Reckoned as Earned While Working at "Full Time."—Working at "full time," within Kentucky Statutes, section 4905, providing that compensation shall be computed at the average weekly wage earned by the employe at time of injury, reckoning wages as earned while working at full time, means the time during which the employe is offered employment, and does not include the time during which he has no opportunity to work, as where his employer operates mines for only a portion of each year.

GORDON, GORDON & MOORE and BARNES & SMITH for appellant.

A. D. KIRK, CLARENCE BARTLETT and D. B. RHOADS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On May 5, 1917, John Hocker, an employe of the Beaver Dam Coal Company, was struck by falling coal and severely injured. An open agreement providing for compensation at the rate of $5.85 a week for total disability based on an average wage of $9.00 a week was filed with and approved by the workmen's compensation board. On December 12, 1922, Hocker filed with the board a petition for the adjustment of his claim on the ground that his average weekly wage was greater than $9.00 at the time of the accident, and that a mistake was made in computing the same. At the hearing the coal company denied all liability, and offered several defenses. The board found, as a matter of fact, that Hocker was totally disabled by an accident arising out of and in the course of his employment; that his average weekly wage was sufficient to entitle him to the maximum compensation of $12.00 a week, and that in reaching the agreement originally entered into, a mistake was made in computing his average weekly wage. The board also ruled, as a matter of law, that compensation cases were governed exclusively by the workmen's compensation act, except where the act is silent, or specifically stipulates that some other provision of the statutes shall apply, and that the board has authority at any time to correct the mistake in the settlement of the compensation claim. Following these findings, the board awarded Hocker compensation at the rate of $12.00 a week for a period of eight years, not exceeding a total amount of $5,000.00, subject to a credit by the amounts theretofore paid, and with six per cent interest on all past due weekly payments. Thereafter the company filed a motion for review, and the award was sustained. On appeal to the Ohio circuit court, a judgment was rendered affirming the award, and from that judgment this appeal is prosecuted.

There being some evidence to support them, the board's findings of fact are conclusive, Andrews Steel Co. v. McDermott, 192 Ky. 679, 234 S. W. 275; Cogar Grain, etc., Co. v. Workmen's Compensation Board, 195 Ky. 477, 242 S. W. 863, and we shall proceed to determine whether its rulings of law were correct.

Section 4902, Kentucky Statutes, is as follows:

"Upon its own motion or upon the application of any party interested, and a showing of change of

conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this act, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder.''

Appellee's application for a review of the award was based on the claim that a mistake was made in computing his average weekly wage. It is conceded that the power of review on the ground of mistake is conferred by the statute, but insisted that the right to relief is barred by section 2515, Kentucky Statutes, which provides that an action for relief on the ground of fraud and mistake must be commenced within five years next after the cause of action accrued. For the purposes of this case, it is unnecessary to determine whether ordinary statutes of limitation fixing the time within which actions at law or in equity must be brought ever apply to proceedings under the workmen's compensation act. It is sufficient to say that section 4902 authorizes a review *"at any time,"* and thereby makes it clear that section 2515, which fixes a time limit of five years, is not controlling. As the board took the same view of the question, it follows that its ruling was proper.

The statute in force at the time of appellee's injury provided that where the injury causes total disability for work, the employer, during such disability, except the first two weeks thereof, shall pay the employe so injured a weekly compensation equal to 65% of his average weekly earnings, not to exceed $12.00 nor less than $5.00 a week, such payments to be made during the period of total disability, but not longer than eight years after the date of the disability, nor in any case to exceed the maximum sum of $5,000.00. Acts 1916, chapter 33, section 16.

Section 4905, Kentucky Statutes, which was in force at the time of the injury and is still in force, is as follows:

"Compensation shall be computed at the average weekly wage earned by employe at time of injury, reckoning wages as earned while working full time.

"(a) If the employe, at the time of the injury, is regularly employed in a higher grade of work or occupation than formerly during the year, and with larger regular wages, only such higher grade work or occupation if the same be not seasonal, shall be taken into consideration in computing his average weekly wages."

The board found that 65% of appellee's average weekly wage was more than $12.00 and awarded compensation at the rate of $12.00 per week. In reaching this conclusion the board took the view that full time meant a full day for every day in the week. Appellant insists that the statute is not susceptible of that interpretation. The argument is that the mine was in operation only a portion of each year, and that for a number of years appellee's average weekly wage was much less than $12.00. Therefore, the compensation awarded him is much more than he would have received if he had never been injured. Such a result was never contemplated by the legislature. To avoid this result, it is insisted that the words, "at full time," mean the time during which the employe is offered employment, and do not include the time during which he has no opportunity to work. The argument is not without force, but it does not necessarily follow that the injured employe will receive more than if he had not been injured. The uninjured employe may work for the remainder of his life, while the compensation awarded the injured employe is for a limited sum per week, for a limited number of weeks and for a limited amount in the aggregate. But even if the result were different, it would afford no reason why we should disregard the plain language of the statute. If only the employe's average weekly wage were to be controlling, there would have been no necessity for adding the words, "reckoning wages as earned while working at full time." One who works only part of a day, or only two or three days out of a week, or only a few weeks out of the year, cannot be said to be working at full time. We therefore conclude that the words, "at full time," necessarily mean a full working day for six days in every week of the year. It follows that the ruling of the board was correct.

Judgment affirmed.

Whole court sitting.