## Johnson, et al. v. J. P. Taylor Company.

(Decided June 5, 1925.)

### Appeal from Fayette Circuit Court.

1. Master and Servant—Compensation Paid Under Agreed Award is Not "Voluntarily" Paid so as to Require Claim Within One Year After Suspension.—Ky. Stats., section 4914, requiring claims to be made within one year after suspension of payments when compensation has been voluntarily paid, in view of section 4987 requiring liberal construction, applies to payments under arrangement with employee which has never become an award, and not to payments under agreed award, in view of section 4931.

2. Master and Servant—Application for Review and Revocation of Agreed Award, Made After Two Years and Three Months, Held Not Barred by Limitations.—Under Ky. Stats., section 4899, 4902, 4931, 4987, where employee sustaining injury entitling him to compensation for 335 weeks, received compensation payments for 25 weeks under an agreed award approved by Commission, and after 2 years and 3 months made application to review agreed award and obtain revocation of it, held that application was timely made.

3. Master and Servant—Application for Review of Award Must be Made by Party Entitled to Benefit Under Particular Character of Award.—For Compensation Board to review its own award under Ky. Stats., section 4902, application therefor must be made by some party to it or by some beneficiary entitled to compensation and benefits under that particular character of award, and a dependent, after death of employee, cannot apply for review of award made to employee while living.

4. Master and Servant—Award of Maximum for Medical Services Held Error, in View of Prior Payments.—Award of maximum allowed by statute for medical services held error, where employer had previously voluntarily paid for some of medical services rendered employee.

GUY H. BRIGGS for appellants.

D. C. HUNTER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Amos Johnson, a colored man, was employed by the appellee J. P. Taylor Company, a corporation, in its tobacco factory in Lexington, Ky. Both employer and employee were operating under our Workmen's Compensation Act. On February 21, 1921, Johnson sustained an injury to his shoulder in the course of and growing

out of his employment. Shortly thereafter he and his employer entered into an agreement whereby compensation should be paid to Johnson at the rate of $11.70 per week for twenty-five weeks. That agreement was subsequently filed with the compensation board and approved by it pursuant to the provisions of section 4931 of our present statutes, and being section 48 of the act, which had the effect of making the agreement the award of the board. The last installment of compensation under that agreed award became due and was paid on September 6, 1921, but the employee was by no means recovered from the effects of his injury and he did not improve as time passed. In the meantime, he being ignorant and unacquainted with his legal rights continued to apply to his employer for additional compensation, when he would be notified that the agreed compensation had been paid; but the foreman of the employer realizing that Johnson was still disabled wrote to the insurance company with the view of seeing whether or not something could be done. No satisfaction was obtained and Johnson procured others to write the company with the same futile results. After the expiration of two years and three months he formally made application to the compensation board under the provisions of section 4902 of our present statutes, and being section 21 of the act, for a review or reopening of the agreed award and to obtain a revocation of it as to the weekly payments and as to its duration, upon the ground that it had developed that he had sustaned from his injury a permanent partial disability and that he was entitled to compensation under the provisions of section 4899 of our statutes, and being section 18 of the act, for a period of 335 weeks from the date of his injury, and the application for such change was made within that period.

The limitation of one year provided for in section 4914 within which application for awards under the statute must be made was interposed by the employer, but the board overruled it and found from the testimony introduced that Johnson had sustained as a result of his injury "forty per cent permanent partial disability, to his body as a whole," and allowed him compensation at the rate of $4.68 per week for 335 weeks, but to be credited with the amount paid under the agreed award. The board furthermore allowed him for medical services to the amount of $100.00. In due time the employer

petitioned the Fayette circuit court for a review of that award, and upon that hearing the learned circuit judge who presided sustained the employer's plea of limitations and entered a judgment directing the compensation board to dismiss Johnson's application, from which judgment he and the compensation board prosecute this appeal.

Two questions are presented: (1) Whether the payments under the agreed award were "made voluntarily" within the contemplation of section 4914, *supra*, so as to require the application by the employee to the board to be made within one year after such payments ceased? and (2) if that question should be answered in the negative, then what period of limitation should apply to an application for a change in an award under the provisions of section 4902, *supra?*

The last sentence in section 4914 says: "If payments of compensation as such have been made voluntarily the making of claim within such period (one year) shall not be required, but shall become requisite following the suspension of such voluntary payments." Under the rule that such statutes are to be liberally constructed and which direction is a part of our compensation act (section 4987 of the statute), we are clearly of the opinion that the proper construction of the quoted sentence has reference to payments made by the employer under an arrangement with the employee which has never become an award of the board. Section 4931 provides for the filing of the agreement with the board, and among other things says: "Nothing herein shall prevent the voluntary payment of compensation in the amounts and for the periods herein prescribed without formal agreement, but nothing shall operate as a final settlement except a memorandum of agreement filed with and approved by the board in accordance with this section or the expiration of the time limit hereinbefore prescribed in section 4914;" from which it will appear that it is competent for the employer to pay and for the employee to receive voluntary payment without any such understanding ever becoming, or assuming the formalities of an award and it is evidently such payments that have the effect to postpone the time for making application to the board as contemplated for and provided by the latter clause of section 4914.

In the very recent case of Louisville Milling Co. v. Arthur Turner, et al., 209 Ky. 515, we construed section 4902 to give the right to make application for a change

in the award, whether it was an agreed one or made upon due application therefor to the board, at any time within the period for which compensation was allowed for the particular injury, notwithstanding the duration of the original award may have expired or become satisfied or extinguished by payment or otherwise. It was therein pointed out that under the English compensation act and those of some of the states, applications to the board for a review of its award could not be done after the original award had in any manner terminated during the employee's life, but the difference between those statutes and ours was adverted to in that opinion and the conclusion was reached as above stated. The agreement in this case having become the award of the board and the application for a change in it having been made by the employee before the expiration of 335 weeks for which he was entitled to compensation for his particular injury (permanent partial disability to his body other than the specifically enumerated injuries in section 4899 of the statute) was in time and the learned circuit judge was in error in concluding otherwise. See also Beaver Dam Coal Co. v. Hocker, 202 Ky. 398.

But in order for the board to so review its own award under the provisions of section 4902 the application must be made by some party to it, or by some beneficiary entitled to compensation or benefits under that particular character of award, since the compensation act provides for two classes of distinct awards; one as compensation to the injured employee, and the other to his dependents if he should be killed, and original application for each character of award must be made to the board within the time provided for in the statute, which is one year from the injury, or in case of death within one year thereafter. So, that, under the above interpretation it would not be competent for a dependent after death of the employee to make application for a review of an award made to the employee to obtain compensation to him while he was living, since the benefits to be derived from such application would go to a distinctly different class of beneficiaries and come within an entirely different class of award, and which distinction is pointed out in the Louisville Milling Co. case, *supra*, and was also recognized (though not expressly adverted to) in the case of Ashland Coal & Iron Co. v. Fowler, 208 Ky. 422.

The statute allows only a maximum of $100.00 for medical services. The testimony shows that the em-

ployer in this case voluntarily paid for at least some of the medical services rendered to its employee, Johnson. The board took no cognizance of those payments but allowed the full maximum sum of $100.00. It should have credited that sum with whatever amount the employer had paid and awarded only the difference. It will, therefore, correct its award in this particular upon a return of the case.

Wherefore, the judgment is reversed, with directions for the board to reinstate its award after crediting the allowance for medical services in the manner indicated.