## Louisville Milling Company v. Turner, et al.

(Decided June 9, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Master and Servant—Compensation Case May be Reopened by Order of Board for Change of Conditions After Settlement.—In view of broad interpretation to be placed on Workmen's Compensation Act, under Kentucky Statutes, section 4987, and in view of sections 4894, 4896, 4897, 4901, 4930, 4932, 4943, workmen's compensation board, under section 4902, held to have power to reopen case on change of conditions, after compensation had been fixed by agreement and release filed, and not restricted to diminishing or increasing compensation previously awarded and being paid pending application.

2. Master and Servant—Application to Reopen Compensation Case Need Not be Within Year After Injury.—Where compensation board has made an award, and injured employe seeks compensation for disability subsequently accruing, under Kentucky Statutes, section 4902, application need not be made within one year after injury, as required by section 4914, in case of death.

HUMPHREY, CRAWFORD & MIDDLETON and LOUIS SEELBACH, JR., for appellant.

W. T. McNALLY and BEN CHAPEZE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Arthur Turner was employed by the Louisville Milling Company at Louisville. On February 25, 1920, he was injured by an accident in the course of his employment in this way: While holding a chisel which another laborer was hitting with a sledge hammer Turner was struck over the left eye with the hammer. The injury appeared slight at the time and an agreement on form 9 of the workmen's compensation board was entered into, dated April 16, 1920, and filed with the workmen's compensation board, showing that he had sustained a temporary injury, for which compensation at the rate of $12.00 a week from March 3, 1920, was fixed by agreement of parties. On April 16, 1920, they filed with the board his receipt for $20.55, being the total amount due him under the compensation law, and he in consideration thereof released the employer from all claims and causes of action on account of the injury. On May 31, 1924, he filed an application and motion to reopen the case on the ground that he had suffered a change for the worse in his condition and that the injury to him had proved entirely different from what he had supposed at the time. The milling company objected to the motion to reopen the case, the objection was overruled and the motion was sustained by the board. After a full hearing it awarded Turner compensation for eight years at $12.00 a week from March 1, 1920, subject to a credit of $20.55 theretofore paid and twenty weeks during which Turner was able to work, but in all not to exceed the sum of $5,000.00. The milling company took an appeal to the Jefferson circuit court. That court affirmed the award of the workmen's compensation board. The milling company appeals.

It is conceded on the appeal that there was sufficient evidence before the workmen's compensation board on the question of injury to sustain the award of the board and the only question made is, as to the power of the board in the premises. Section 4902, Kentucky Statutes, is as follows:

"Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously

awarded, within the maximum and minimum provided in this act, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

It is earnestly insisted that the power of the board is limited to "ending, diminishing or increasing the compensation previously awarded," and that the board had no power to act unless compensation was then being paid and there was a pending order with reference to which compensation might be ended, diminished or increased. This was the construction given to the English statute by the English courts. The Vermont statute, which practically followed the English statute, received the same construction by the Supreme Court of Vermont in Bosquet v. Howe Scale Co., 96 Vt. 364. The court there thus stated the reasons for its conclusion:

"A review is authorized for the purpose only of 'ending, diminishing or increasing' the compensation previously awarded or agreed upon. This necessarily implies a matter still pending with the commissioner, something capable of being ended, diminished, or increased. If the legislature had intended to invest the commissioner with authority to reopen a compensation case that had been finally disposed of, it naturally would have employed language better suited to that purpose."

But our statute is not fairly capable of that construction. In addition to the power of the board to review any award or order ending, diminishing or increasing the compensation previously awarded, it is provided that the board may, at any time, change or revoke its previous order. These words were not in the Vermont statute or in the English statute. This provision necessarily gives to the board the power, upon just cause shown, to revoke or change any order it has made at any time before expiration of the period for which the additional compensation would be payable. In addition to this, by section 4987, Kentucky Statutes, it is provided:

"The rule of law requiring strict construction of statutes in derogation of the common law shall not be applicable to the provisions of this act."

The English decision and the Vermont case both rest upon the rule of strict construction, but our statute must be construed liberally with a view to promote its objects, and taken as a whole the plain purpose of the statute is to give the board power from time to time to modify its awards as justice may require.

While the question here presented was not before the court in any case heretofore decided, the rules for the construction of the statute have been thus laid down:

"In interpreting such an act all presumptions will be indulged in favor of those for whose protection the enactment was made, and who have by the terms of the act and by their own voluntary agreements been deprived of the enforcement of their rights in the courts of this state." Workmen's Compensation Board v. U. S. Coal & Coke Co., 196 Ky. 838.

"This act has been in operation since its adoption in 1916, and a number of its provisions have been construed by this court and at all times a liberal construction has been adopted in order to effectuate its purposes, which are to afford a speedy and scientific adjustment of compensation for injuries sustained by an employe arising out of and occurring in the course of his employment and caused by traumatic accidental injury." Ashland Iron & Mining Co. v. McDaniel, 202 Ky. 22.

The act read as a whole shows a clear legislative purpose to give to the board large discretionary powers to work out justice in each case. Thus after providing that certain persons shall be presumed to be wholly dependent it is provided that other cases shall be determined in accordance with the facts of each case, section 4894, Kentucky Statutes; where there is doubt as to who in other cases are the proper dependents the board is to determine this, section 4896; certain injuries shall be considered a total disability and in all other cases the burden of proof shall be on the claimant to show this, section 4897; where the result is a combined effect of a previous and subsequent injury the board is to determine the compensation to be allowed for the subsequent injury, section 4901. The board may make rules not inconsistent with the act for carrying out its provisions, section 4930. If the parties have filed an agreement in regard to compensation under the act and the compen-

sation has been paid and the parties thereafter disagree, either party may make written application to the board for a hearing in regard to the matter, section 4932. All questions arising under the act, if not settled by agreement of the parties with the approval of the board, shall be determined by the board, except as otherwise provided in the act, section 4943.

In view of the broad powers which are thus committed to the board by the other sections of the act, to give section 4902 the construction urged by appellant would be not only to give no force to the words "or change or revoke its previous order," but would be to give that section a construction out of keeping with the plain purpose of the act as a whole.

By section 4914, Kentucky Statutes, a claim by the dependents on account of death of an employe must be made "within one year after such death." The case of Ashland Iron & Mining Co. v. Fowler, 208 Ky. 422, involved a claim of dependents for death and rests on the provision of the statute applicable only "in case of death." Where the board has made an award and the employe himself seeks, under section 4902, Kentucky Statutes, compensation for disability subsequently accruing, this limitation is not applicable.

Judgment affirmed.