With this modification, the judgment is affirmed.

---

## Rex Coal Company v. Campbell, et al.

(Decided January 29, 1926.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Application for Review May be Made at Any Time Within Compensation Period.—An application for review of an award under Workmen's Compensation Act, section 21 (Ky. Stats., section 4902), may be had at any time, provided it is not beyond the period for which compensation is allowable.

2. Master and Servant—Compensation Board Cannot Give Award on Review Retroactive Effect.—As Workmen's Compensation Act, section 21 (Ky. Stats., section 4902), provides that review of an award shall be had on notice to parties interested, and "shall not affect the previous order or award as to any sums already paid thereunder," the compensation board cannot give to its award on review retroactive effect.

3. Statutes—If Language of Act is Plain and Unambiguous, it Must be Given Such Meaning.—If language of a statute is plain and unambiguous, and there is nothing else appearing in other parts of the same act or other statutes to qualify it, then it must be given such plain and unambiguous meaning.

4. Statutes—Only if Words Employed Create Doubt as to Intent and Purpose then Other Rules Resorted to in Determining Purpose, Intent, and Effect.—Only if the words as employed in the statute create doubt as to the intent and purpose of the Legislature in employing them may other rules of construction be resorted to.

5. Constitutional Law—Whether Legislative Purpose Embodied Wise Policy Held Not to Influence Court in Construing Statute.— Whether Workmen's Compensation Act, section 21 (Ky. Stats., section 4902), providing that review by compensation board shall not affect its previous order or award as to sums already paid thereunder, embodies a wise policy is a question addressed exclusively to Legislature, which should not influence construction by court.

6. Courts—Doctrine of Stare Decisis Held Inapplicable.—Where, in former decision of the Supreme Court, question as to sustaining of retroactive awards of the compensation board was neither argued nor referred to, much less actually determined, the doctrine of stare decisis may not be invoked.

7. Master and Servant—Compensation Board's Finding on Sufficient Evidence Conclusive.—Findings of the compensation board on sufficient evidence cannot be disturbed on appeal.

8. Master and Servant—Compensation Board Not Held to Technicalities in Hearing Evidence.—Compensation boards will not be held to the same technicalities in the hearing of evidence as prevails in trials before regularly constituted courts, but testimony should not be wholly incompetent, and should have some relevancy toward establishment of principal fact.

9. Master and Servant—Compensation Board's Finding on Competent Evidence Conclusive.—Under Workmen's Compensation Act, if there was any evidence before the compensation board that it was authorized to hear, the supreme court on review will not disturb its findings of fact.

10. Master and Servant—Increase in Compensation should Apply from Time of Last Motion to Open Award.—Where claimant moved to open award under Ky. Stats., section 4902, in April, 1921, and on July 16, 1921, moved to dismiss motion, and nothing thereafter was done with reference to it, and payments under original award continued to be made until April 24, 1923, when similar motion was made to reopen award, any increase in compensation should apply from time of last motion, and not from time of abandoned motion.

SAMPSON & SAMPSON for appellant.

J. B. SNYDER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

On December 1, 1916, Jackson Campbell was in the employ of the appellant and plaintiff below, Rex Coal Company, as a miner at its plant in Harlan county.

Both employer and employee had accepted our workmen's compensation act, and on that day the employee received an accidental injury arising out of and in the course of his employment, from the effects of which he died fifteen days thereafter. His widow, representing herself and her infant children as dependents, all of whom are the appellees and were defendants below, agreed with plaintiff, the employer, that the average weekly wages of the deceased were $11.02, and it was agreed that the defendants should receive 65% of that sum for 335 weeks. That agreement was filed with and approved by the compensation board pursuant to the provisions of section 4931 of our present statutes and being section 48 of the compensation act, and it thereby became the award of the board. The weekly award for $7.16 was regularly paid for 330 weeks, but between that time and the expiration of the last five weeks the defendants applied to the board for a review of the award pursuant to the provisions if section 4902 of our present statutes, which is section 21 of the act, upon the ground that there was a mistake in fixing the amount of the weekly wages of the deceased at the time of the agreed award and that the facts were that his average wages were enough to entitle the defendants to the maximum weekly allowance of $12.00 per week, and the board was asked to raise the weekly award to that amount and to give it retroactive application so as to entitle defendants to that sum from the time of the decedent's death. Objection was made by plaintiff, the employer, upon several grounds, among which was a defense of limitation and it also insisted that in no event could the award be given a retroactive effect so as to increase or otherwise affect the previous award as to all sums paid thereunder, but at most could only operate prospectively to increase or affect weekly payments for the balance of the period of 335 weeks. Each of those contentions were overruled by the board, and upon a trial after evidence heard it sustained defendants' contentions and raised the weekly award to the sum of $12.00 and directed that it be paid from the effective date of the first award, with interest on each weekly payment from the time it was due, thereby increasing the total amount in the sum of practically $1,700.00, after allowing credit for the weekly amounts paid under the original award. From that order plaintiff carried the case to the circuit court for a re-

view, in which it relied upon the same contentions, and also insisted that there was no competent evidence heard by the board to sustain its finding of fact that the average weekly wages of the deceased were any more than agreed upon in the original award. A trial in that court resulted in an affirmance of the award, followed by this appeal by plaintiff to this court.

Our opinions in the recent cases of Beaver Dam Coal Company v. Hocker, 202 Ky. 398; Louisville Milling Company v. Turner, 209 Ky. 515, and Johnson v. J. P. Taylor Co., 211 Ky. 821, settle the question of limitation adversely to plaintiff's contention. Those opinions held that an application for a review of an award as given by section 4902, *supra,* of our statutes may be had "at any time," provided it is not beyond the period for which compensation is allowable under the statute for the particular injuries sustained; and, since the application was made in this case before the expiration of that time (335 weeks in this case) it was not barred and the board was authorized to sustain the motion and open up the award.

The next question is: Was it incompetent for the board under the express provision and direction contained in the last sentence of section 4902, to give its new or second award a retroactive effect so as to make the increased weekly allowance apply from the beginning of the 335 weeks and to thereby *affect* the previous order or award as to the sums already paid thereunder? It is plaintiff's contention that a subsequent award rendered on a motion to review a prior one can only be given *prospective* effect and that the board erred in this case in making it retroactive. The sentence of the section (4902) under which that contention is made says: "Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

We are, therefore, called upon for the first time to determine the purpose, intent and effect of that language, and in doing so the first thing to be considered is the language itself. If it is plain and unambiguous and there is nothing else appearing in other parts of the same act or other statutes qualifying it, then according to all text writers and opinions it must be given such plain and unambiguous meaning. If the words as employed in a statute create a doubt as to the intent and purpose of the legislature in employing them, then other well

known rules may be resorted to, but which latter is never done, unless the language, at least to some extent, is obscure or ambiguous, so as to imply more than one meaning, intention or purpose, and to create a doubt with reference thereto. Pinkerton v. Watkins, 186 Ky. 365. We find nothing in our entire compensation statute throwing any light upon the intent and purpose of the legislature in employing the quoted language in section 4902. On the contrary, it appears to us to be susceptible of but one interpretation, and that the legislature could have had no other purpose in employing it except the one plainly stated, which was: That a review under the section ''shall not affect the previous order or award as to any sums already paid thereunder.'' We are at a loss to know how the purpose could have been more simply or plainly expressed. Whether it embodies a wise policy or not is a question addressed exclusively to the legislature that enacted the statute and is not one that should influence the court in construing its language. We have searched the compensation statutes of other states and the decisions of their courts for some judicial expression as to the proper construction of the language found in our statute, but we have failed to discover any similar language in any other statute, and, of course, have been unable to find any judicial interpretation of it by the courts of those states.

But it may be said that the Hocker and Turner cases, *supra,* held otherwise by sustaining retroactive awards rendered upon a motion to reopen a prior one, and that this case should be governed by those opinions, which would be true if the premises were true; but in neither of those cases was the question argued or even referred to in the opinions, much less was it actually determined, and for that reason the doctrine of *stare decisis* may not be invoked in this case. 15 C. J. 939, para. 329; 940 para. 331; 942 para. 333. The text in paragraph 329 referred to says: ''And an opinion is not authority for what is not mentioned therein and what does not appear to have been suggested to the court from which the opinion emanates. Even though a point was involved in an earlier case and should have been decided, the case is not a precedent as to such point if it was not actually considered and decided.'' Cases from the Supreme Court of the United States and from the higher courts of sixteen different states are cited in the notes to that text, many of which we have examined and find that they present

conditions exactly similar to the one with which we are now confronted, and it was held that the prior decisions, though tacitly (by silence) approving the point or question involved were not precedents under the doctrine of *stare decisis* in future cases where the same point or question was presented and argued and in every way completely relied on. And so, in paragraph 331 referred to, the text says: "It has been held that the rule of *stare decisis* can not be extended to implications from what was decided in a former case." Furthermore, the text in paragraph 333 referred to states the rule to be that, "Where it is the settled practice of a court that a judgment will not be reversed for errors not argued in the briefs of counsel (as is our rule), a decision affirming a judgment does not become a precedent as to any question not argued or expressly presented to the court, and left unnoticed in the opinion, although it might have been raised, and, if raised, have been decisive of the case." See also Larson v. Pender First National Bank, 66 Neb. 595. We have examined the texts on the point in other standard publications and find them to be the same as contained in Corpus Juris referred to. Our prior opinions *supra* come within the rules stated, since in neither of them was the question argued, nor was it even referred to, much less decided in the opinion.

Mr. Dosker, in his work on "Kentucky Workmen's Compensation Law," section 63, after quoting the sentence above inserted from section 4902 of our statutes, says: "If the physical condition of the injured employee had merely become worse or better, as the case might be, it is proper that the review should not affect payments already made under a previous order based on different conditions. But the legislature probably did not intend to say that if payments were made by mistake or procured by fraud, they could not be recovered back by the person entitled to them lawfully." It will be noticed that he agrees, in effect, that the language is plain and unambiguous and that it would apply only *prospectively* to the opening of an award upon the ground of a "change in conditions," but he likewise says that the legislature "probably" did not intend to apply the plain terms to a subsequent award rendered upon the ground of fraud or mistake; but which latter conclusion we think is wholly untenable. Three grounds for the opening of an award are stated in the section of our statute, which are (a) a

change of conditions, (b) mistake, and (c) fraud.   They are each placed upon a par in the same category and are treated alike, and the language now under discussion applies to any review "under this section," which, of course, includes reviews for mistake or fraud the same as for a change of conditions.    It is, therefore, our conclusion, though reluctantly arrived at, the judgment was in error in this case in giving the increased award a retroactive effect, since it is our opinion that the language of the sentence under consideration forbids it and preserves intact, as to both employer or employee or his dependents, the prior award until application for its review is made, and that any change made in it by the board on that hearing will have only a prospective effect from that time.

This brings us to the last question in the case, which is: That the evidence heard by the board was insufficient to authorize an increase of the weekly indemnity.   It is the rule that compensation boards will not be held to the same technicalities in the hearing of evidence as prevail in trials before regularly constituted courts, but the testimony should not be wholly incompetent and have some relevancy toward the establishment of the principal fact. 28 R. C. L. 827, para. 115; 1917D L. R. A. 182; Valentine v. Weaver, 191 Ky. 37.   It is also the rule that if there was any evidence before the board which it was authorized to hear the court on review will not disturb its finding of fact and it is so expressly provided by our compensation act, and which has been applied by us in a number of cases.   Some of the evidence introduced by the board was wholly irrelevant even under the latitudinous rule applicable to such hearings, but our examination of the evidence as heard by the board convinces us that it was sufficient to authorize its findings, and we are, therefore, not allowed, under the rule, *supra,* to disturb it.

A motion was made by appellees' attorney, Mr. Rawlings, in April, 1921, to reopen the award pursuant to the provisions of section 4902, *supra,* which was sustained by the board, but after the sustaining order was entered, and on July 16, 1921, he in conjunction with appellant's attorney made a joint motion before the board to dismiss that application and nothing thereafter was done with reference to it, and the payments under the original award continued to be made until April 24, 1923, when appellees' present attorney, Mr. J. B. Snyder, made a similar application for an adjustment or reopening of

the award, and it was upon that application, made after the payments of the weekly award for 330 weeks, that the new hearing was had before the board from whose judgment the review was asked in the circuit court. It is evident, therefore, that the application for the reopening made by Mr. Rawlings was abandoned by him as the representative of appellees, and that being true the increased award made by the board, and which was confirmed by the circuit court, should apply from the time of that application and continue for the five remaining weeks of the 335 for which compensation was originally awarded, and the increase in compensation should not apply from April, 1921, when Mr. Rawlings made his motion, *supra,* because the record clearly shows that it was thereafter abandoned.

Upon a return of the case the board will modify its award to the extent indicated, and the judgment is affirmed as to the last five weeks of the compensation period, but in other respects it is reversed, with directions to the board to correct its award accordingly.

Whole court sitting.