## Black Mountain Corporation v. Middleton.

(Decided April 29, 1932.)

528

B. M. LEE for appellant.

JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Appellee, Rufus Middleton, was employed in the mine of appellant, Black Mountain Corporation. Both of them had accepted the provisions of the Workmen's Compensation Act. On May 2, 1928, a large rock fell on Middleton in the mine, and he was taken to the Black Mountain Hospital for the treatment of his injury. It was deemed necessary to make an X-ray examination of his hip to discover whether the hip was merely dislocated, or whether there was a fracture. He was a large fleshy man, and difficulty was experienced in getting a satisfactory picture. A number of experiments were made. On July 15, 1928, he was discharged by the doctor and returned to work. He worked until July 17, 1929; he then quit and was suffering, as shown by the proof, from X-ray burns.

Appellant maintained the hospital and had him taken to it. He made out on May 8, 1928, and filed with the board on May 23, 1928, a statement of his injury on form No. 7 furnished by the board, and on July 15, 1928, an agreement was signed by them both fixing his compensation at $15 a week for 9 4/7 weeks. It paid him this, and his receipts and the statement of his agreed compensation on form 9 were filed before the board, and this entry thereon was made:

"Examined and approved August 30, 1928, Workman's Compensation Board."

On his motion on petition therefor, on form 11 used by the board, the award was reopened on January 7, 1930. A large amount of evidence was heard, from which it appeared that the X-ray treatments had destroyed the blood vessels in this part of his body, burned the skin so that it was simply dead tissue, and as a result of this ulcers had developed, and his condition was permanent and was such as to utterly destroy his capacity to labor. On these facts the board opened the award and made to him an allowance of $9 a week for 335 weeks. The circuit court approved the action of the board. On this appeal, the following questions are presented: (1) Is the appellee's claim barred by the statute of limitation? (2) Can the appellant be held responsible in any case for an injury which is not occasioned by a traumatic injury itself, but which is the direct and sole result of carelessness or negligence, or malpractice on the part of any doctor or nurse? (3) Can this court hold that an X-ray burn is a compensable injury such as is contemplated by the Workmen's Compensation Law of this state, entitling the employee to recover compensation from his employer for the result of an accident sustained by him in the course of his employment?

1. By section 4902, Kentucky Statutes, the board may, on the application of any person interested and a showing of a change of conditions, review an award. It is insisted there had been no award of the board. But it is well settled that, where the employer and employee reach an agreement under the provisions of the statute, and the compensation board approves it, this is an award of the board. Johnson et al. v. J. P. Taylor Co., 211 Ky. 821, 278 S. W. 169; Sawyers v. Lena Rue Coal Co., 217

Ky. 500, 289 S. W. 1107; Berry v. Irwin, 224 Ky. 565, 6 S..W. (2d) 705. As the approval of the settlement previously entered by the board was an award by the board, the claim was not barred by limitation.

2. Section 4884, Kentucky Statutes, after providing that, in all cases where liability for compensation exists, the employer shall provide competent surgical treatment, provides:

> "If the employee submits to the operation he shall, in addition to the surgical benefits herein provided for, be entitled to compensation for his actual disability following such operation."

Section 4885, Kentucky Statutes, provides:

> "No action shall be brought against any employer subject to this act by any employee or other person to recover damages for malpractice or improper treatment received by such employee from any physician, hospital or attendant thereof."

The two provisions must be read together. They are not inconsistent, but read together provide: (1) The employee is entitled to compensation for his actual disability following such operation to be fixed in a proceeding under the other sections of the act by the board; (2) the employer is not liable for an action for damages for malpractice or improper treatment. In other words, this matter is to be settled in the compensation proceeding before the board, and is not to be the subject of an action for damages against the employer. The statute must be liberally construed to promote its purposes; and one of its essential purposes was to provide a settlement of these controversies before the board, and not by actions for damages as in other cases of personal injury. Lanham v. Himyar Coal Corporation, 218 Ky. 55, 290 S. W. 1039.

3. The disability of the appellee is the direct result of the X-ray treatment used by the physician to determine the nature and extent of his injury, and is an actual disability following such operation. The proof on this subject is clear. In Drengwitz v. Lincoln Park Coal & Brick Co., 317 Ill. 302, 148 N. E. 79, 82, 39 A. L. R. 1270, on facts very similar to those here, the Illinois Supreme

Court, sustaining the claim of its injured employee for injury by reason of an X-ray burn, said:

"We believe it was never contemplated that the statute should authorize the employer to compel an examination by a doctor selected by the employer to determine whether the employee is suffering any incapacity from an injury for which the employer is admittedly liable, and if the doctor making the examination, through negligence or lack of skill, inflicts an injury which causes disability, the employer should not be liable under the statute."

In the notes to this case, a number of other cases are collected to the same effect. See also, Great Atlantic, Etc., Tea Co. v. Sexton, 242 Ky. 266, 46 S. W. (2d) 87.

Judgment affirmed.