## Woodford Oil & Gas Company v. Creech.

(Decided May 26, 1933.)

DAVID C. HUNTER for appellant.

M. C. REDWINE for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

The appellee, plaintiff below, Fess Creech, was an employee of the appellant, defendant below, Woodford Oil & Gas Company, operating an oil and gas lease in Lee county, Ky.

On March 5, 1925, while working for the appellant company, the plaintiff fell some 23 feet from a mast pole, injuring his shoulder and chest and the muscles of his neck. Both parties had accepted the provisions of the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.) and, recognizing the injury as a compensable one, they entered into an agreement for the payment of $15 a week for 11 weeks which was paid him in final settlement of the compensation due Creech for his injury. On May 29, 1925, the agreement was filed with and approved by the Workmen's Compensation Board, when plaintiff returned to his work and continued in his employment until the year 1931 or for approximately 6 years. During this 6-year period, it appears, he made no claim for further compensation nor claimed either total or partial disability for employment by reason of his fall and injury of March 5, 1925.

On February 29, 1932, plaintiff filed with the board an application for adjustment of claim, wherein he sought to reopen his compensation case for injury re-

ceived in March, 1925, his application reciting that it was to reopen the case closed May 29, 1925, "but the disabilities herein listed are the direct result of this injury and the changed condition of the plaintiff is the basis of this new claim." With this application, plaintiff filed his affidavit stating . that his condition was changed for the worse; that he had become totally and permanently disabled as a result of the earlier injury of March 5, 1925; and moved the board to reopen his case as permitted under the provisions of section 4902 of the Compensation Act, for the purpose of hearing his claim for compensation for this changed condition. Further, the plaintiff filed, in support of his application to reopen, the affidavit of his physician, Dr. H. R. Henry, who therein stated that he knew something of the injuries plaintiff had suffered in the spring of 1925, while working for the defendant company; that he had attended him in the last few months; that he had carefully examined and treated him; that he had found the plaintiff now suffered from traumatic neuritis, a broken down nervous system, and a serious impairment of one of his eyes and that his nervous breakdown was likely to cause a mental breakdown; and that in his judgment, plaintiff's present disabilities are a changed condition from the injuries suffered to his neck, shoulder and right side in March, 1925.

Defendant resisted his motion to reopen the case and controverted the grounds therefor by filing with the board its protest and objection thereto, with supporting affidavits of Drs. Richmond and Kerns and Dr. Fugate's report of his X-ray examination made of plaintiff's injuries, reciting that from the history of the case and the X-ray examination of Dr. Fugate, the affiants found no connection between plaintiff's present symptoms and his earlier injury of March, 1925. Also, the defendant, by its special demurrer, averred that the board was without jurisdiction to reopen the case, for the reason that the motion to reopen did not come within the compensable period, in that plaintiff's injuries were not shown by the proof to be total and permanent.

It further appears that the case was briefed by both sides and submitted upon the record, as thus made up, to the board for its determination, when, on June

21, 1932, it made an order refusing to reopen the case, handing down a written opinion therewith.

The board, as appears from this statement of its findings of fact as set out in its opinion, determined upon this conflicting evidence before it that the plaintiff's changed condition or disability, upon which he based his claim to have his case reopened, was not shown to be a condition of total and permanent disability resulting from his injury of March 5, 1925, but that, if any changed condition was shown by the proof, it was, at best, one either of permanent or temporary, partial disability, for which the compensable period therefor, under the provisions of the Compensation Act, was limited to 333 and 335 weeks respectively. Therefore, it adjudged that plaintiff, having failed to file his application to reopen his case within such compensable period of 333 or 335 weeks, applicable to either particular character of disability which if found upon this conflicting evidence his alleged changed condition could only relate, in that he had waited to file his application to reopen for some 350 weeks thereafter, that it came too late and so finding, and upon such grounds further adjudged that the defendant's special demurrer thereto be sustained and plaintiff's application overruled.

From this order of the board, plaintiff filed a motion before it for a full board review and in further support thereof filed the joint affidavit of Drs. Snowden and Henry, wherein they stated as amendatory of his former affidavit that in their opinion plaintiff's "disability for farming or laboring is total and permanent and that it is related to and is the result of the accident of 1925."

Some dispute it appears has arisen between the parties, both as to the propriety and date of plaintiff's filing of this further affidavit with the board, but without elaborating on the merits of such controversy, it is enough to say that on July 5, 1932, the full board whether or not this joint affidavit was then filed with it, sustained its earlier order made June 21st adjudging the defendant's special demurrer sustained and that plaintiff's motion to reopen the case be overruled.

Thereupon, plaintiff petitioned the Lee circuit court for a review, wherein he alleged that the board erred

in its order of June 21, 1932, denying his motion to reopen and also in its later ruling of July 5, 1932, in sustaining said earlier order therein basing his right to reversal of the board's orders upon the grounds therein alleged; (1) that the board had acted in excess of its power in denying his motion to reopen his case; (2) that its said order is not in conformity with the provisions of the Compensation Act; (3) that the board's finding of fact, upon which its said order was based, does not support the order of the board denying his motion to reopen his case; and (4) that the board erred in applying the law to the situation in the case at bar, in holding that the plaintiff had not made sufficient showing that there had been a change of condition, for the reason that, he alleged, it "was only necessary to show a change of condition and not that he was totally and permanently disabled."

The case being submitted for judgment to the court upon plaintiff's petition for review, it adjudged that the compensation board should hear proof and determine whether or not the award in the suit should be reopened; should determine the question of limitation raised in the pleadings; and should set aside its former orders refusing to reopen the case.

From that judgment, defendant prosecutes this appeal.

Section 4902, Kentucky Statutes, provides:

"Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing, or increasing the compensation previously awarded, within the maximum and minimum provided in this act, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

Plaintiff's evidence introduced in support of his application to reopen the case tended to show the change in his condition to be one of total and permanent disability and that it was the result of his earlier

injury occurring in 1925. The defendant, resisting the application, controverted his claim by evidence tending to show that the plaintiff's then disabilities were not of a total and permanent character nor the result of his previous injury of 1925.

Upon these issues thus made, the board found plaintiff's alleged change of condition to be not one of total and permanent disability with compensable period of 8 years but that his application, coming some 350 weeks after his earlier injury and award made him for it, came too late, in that it was beyond the compensable period provided by the statutes for the lesser injury or disability that the board found upon this issue made by the evidence and pleadings constituted his alleged change of condition and, therefore, so finding, rightly sustained defendant's special demurrer and dismissed plaintiff's application to reopen.

The rule is well established that "an application for a review of an award, as given by section 4902, supra, of our Statutes may be had 'at any time,' provided it is not beyond the period for which compensation is allowable under the statute for the particular injuries sustained." Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039, 1040, Beaver Dam Coal Co. v. Hocker, 202 Ky. 398, 259 S. W. 1010, and Johnson v. J. P. Taylor Co., 211 Ky. 821, 278 S. W. 169. Also the rule is that an agreement for compensation had between employer and employee, when approved by the board, is an award of the board, and as such may be reopened and reviewed as any other under the provisions of section 4902. Black Mountain Corp. v. Middleton, 243 Ky. 527, 49 S. W. (2d) 318.

Next considering appellee's contention that it was only necessary for him by his application and supporting affidavits to make a prima facie showing of his change of condition to entitle him, under the provisions of section 4902 of our Statutes, to a reopening of his case by the board, it will be observed that while such is the rule, and is so announced in the case of Allburn Coal Corp. v. Wilson, 222 Ky. 740, 2 S. W. (2d) 365, there the statements made in the motion to reopen are not controverted by pleading or proof, and, it is in such case so held because under such circumstances no issue is formed and the statements in the

motion must be taken and treated as true, where only such preliminary hearing is had. However, the rule is otherwise where, as in the present case, the statements of the motion to reopen the award are controverted and each party has introduced evidence to sustain his position under issue joined upon the merits of the motion. The board in the instant case heard the case on the application and the proof adduced by each side, clearly distinguishing it from the facts in the Allburn Case, supra. The present case was heard by the board upon the conflicting evidence before it and its finding, therefore, comes within the well settled rule that "if there is any evidence of a competent and relevant nature having the fitness to induce conviction to sustain the finding of fact of the board, such finding is final." Trout v. Fordson Coal Co. et al., 225 Ky. 372, 9 S. W. (2d) 109, 110.

To like effect was it held by this court in the later case of Happy Coal Co. v. Hartbarger, 233 Ky. 273, 25 S. W. (2d) 384, 385, where the court said:

"In the recent case of Trout v. Fordson Coal Co., 225 Ky. 372, 9 S. W. (2d) 109, the identical question here presented was before us, and we held that the finding of fact by the board on motions to reopen awards, theretofore made or approved by it, was governed by the statutory rule contained in section 4935 in the 1930 edition of Carroll's Kentucky Statutes, which is section 52 of the Compensation Act, and which is, that such finding will not be disturbed by the courts if it is supported by any competent evidence. See Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Furnace Coal Mining Co. v. Carroll, 212 Ky. 1, 278 S. W. 171; Darby Harlan Coal Co. v. Fee, 214 Ky. 470, 283 S. W. 438; Wallins Creek Collieries Co. v. Cole, 218 Ky. 116, 290 S. W. 1049, and numerous other cases preceding and following them.

"In the Trout Case that rule was indorsed without qualification where the board heard evidence and declined to modify the original award; but it was likewise held that the same rule would apply if the motion to reopen was resisted, and evidence was heard thereon and some of it supported the contention of the employer in contradiction of

314

the grounds relied on, and which was accepted by the board, followed by its order overruling the motion.''

It thus appearing that the question presented upon this appeal is identical with that involved and adjudged in the quoted Trout and Happy Coal Co. Cases, supra, we are of the opinion that the rule as therein announced is here controlling and determinative of this appeal. From this it follows that the ruling of the lower court in directing that the board's order declining to reopen the case be set aside and that it should hear proof and determine the questions presented upon the application, being not in accord with our views herein expressed, was in error. Therefore, we are of the opinion that the lower court was without authority to overrule the finding of fact by the board and in directing a reopening of the case, for which reason its judgment is reversed, with directions to dismiss the petition.