## Hodgkin et al. v. Webb.

June 24, 1949.

D. L. Pendleton and Jouett & Logan for appellants.

Rodney Haggard and Allen Prewitt for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The judgment remanded a case to the Workmen's Compensation Board with directions that it be reopened for a review of an award because of a change in conditions of an injured employee. Two questions are presented. One is whether the application for reopening was made within the special statutory limitation. The other is whether the board abused its discretion in denying the application.

In August, 1941, Walter Webb fell from a ladder onto a concrete pavement and suffered severe injuries. In due course upon the consideration of the facts and medical opinions the board found that Webb had sustained partial, permanent disability of 50 percent and awarded him appropriate compensation for a period of 335 weeks. That was the maximum period for such disability. Sec. 4899, Kentucky Statutes, 1936 edition. The award was accepted by both parties without an appeal to the courts.

Webb filed an application, perfected by an amendment of April 3, 1948, petitioning the board to reopen his case on account of a change in his condition. He

stated, and filed supporting affidavits, that his physical condition had grown more and more aggravated until he had become bedridden and totally and permanently disabled as a result of the accident. The employer filed a demurrer, motion to dismiss and a traverse. The original application was filed 340 weeks from the date he received his injuries.

The statute at the time of the accident, sec. 4902, Kentucky Statutes, provided that: "Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this act, or change or revoke its previous order * * *." This statute is now KRS 342.125. Generally, statutes of similar language have been construed differently by the several courts, but under the influence of sec. 4987, Kentucky Statutes, which directed a liberal construction of the act in respect to investigation (omitted from the revised satutes), this court has construed its terms quite liberally in order to promote the spirit and purpose of the workmen's compensation scheme or system. Accordingly, it may now be said to be the conclusive construction that the provision authorizing the board "at any time" to review and modify an award upon proper showing is that the review may be had at any time so long as it is within the period for which compensation has been allowed or the period which under the new presentation of facts is allowable or justified by the law. The rationale behind this construction is set forth in Louisville Milling Co. v. Turner, 209 Ky. 515, 273 S. W. 83. The cases fall in different categories. Beaver Dam Coal Co. v. Hocker, 202 Ky. 398, 259 S. W. 1010; Johnson v. Hardy-Burlingham Mining Co., 205 Ky. 752, 266 S. W. 635; Johnson v. J. P. Taylor Co., 211 Ky. 821, 278 S. W. 169; Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039; Stewart v. Model Coal Co., 216 Ky. 742, 288 S. W. 696; Woodford Oil & Gas Co. v. Creech, 250 Ky. 307, 62 S. W. 2d 1031; McIntosh v. John P. Gorman Coal Co., 253 Ky. 160, 69 S. W. 2d 7; Clover Fork Coal Co. v. Scoggins, 263 Ky. 424, 91 S. W. 2d 543.

It is to be noted that the application for reopening in the instant case was filed after the expiration of 335

weeks for which compensation had been awarded for partial, permanent disability. Sec. 4899, Kentucky Statutes, now KRS 342.110. But the application came within the period for which compensation might then have been allowed or justified for total, permanent disability. At that time the maximum period was ten years after the date of injury or a maximum sum of $7,500. The current statute also provided that in case of allowance for total disability there should be deducted from the total period of time payments made on account of partial disability. Sec. 4897, Kentucky Statutes, 1936 edition, as amended by Chapter 198, Acts of 1940, now KRS 342.095, which raises the maximum sum to $9,500.

In the leading case of Louisville Milling Co. v. Turner, supra, 209 Ky. 515, 273 S. W. 83, 84, the provision of the statute was construed to give the board "the power, upon just cause shown, to revoke or change any order it has made at any time before expiration of the period for which the additional compensation would be payable." Or as restated in Johnson v. J. P. Taylor Co., supra, 211 Ky. 821, 278 S. W. 169, at any time within the period for which compensation was authorized for the particular injury, notwithstanding the duration of the original award may have expired or become satisfied or extinguished by payment or otherwise. In Woodford Oil & Gas Co. v. Creech, supra, 250 Ky. 307, 62 S. W. 2d 1031, there was an agreed award payable for eleven weeks. It had been settled and satisfied. The employee had returned to his work and continued his employment for approximately six years during which he made no claim for further compensation nor claimed either total or partial disability from his injury. He then filed an application to have his case reopened for the reason that his injury had resulted in total and permanent disability. Upon that review the board found the result had been only partial, permanent disability, the compensable period for which was 335 weeks, and therefore dismissed the renewed proceeding since its filing had been delayed 350 weeks. This court approved that action but pointed out that the application would have been in time if the board had found the greater disability to exist, that is, a condition of total and permanent disability.

We are of opinion, therefore, that this application

for reconsideration and modification of the award was within the statutory period prescribed.

The compensation board gave no reason for its order dismissing the employee's motion or application. The appellant's argument points to the rule that the burden is upon the one seeking a new hearing and to the broad discretion which is vested in the Workmen's Compensation Board. He rests his case on W. E. Caldwell Co. v. Borders, 301 Ky. 843, 193 S. W. 2d 453.

The matter of limitations of time is, of course, a pure question of law reviewable altogether by the courts. The question of whether just cause has been shown for opening up the case is a mixed question of law and fact. The sufficiency of the application is a matter of law, like the sufficiency of grounds submitted in a motion for a new trial of a judicial action and is covered by the rules applicable thereto. Wagner Coal & Coke Co. v. Gray, 208 Ky. 152, 270 S. W. 721. So on the initial question of whether the case should be reopened the degree of discretion in the board is not so extraordinary as where there is a mere question of fact to be determined. In the Borders case, supra, the applicant failed to show a right prima facie. The doctor's affidavit in support of the motion was but the statement of expert opinion based upon subjective symptoms given by the patient. Moreover, the applicant did not state that his present condition was the result of the accident upon which his claim had been based. We pointed out in the opinion that the board may and should look at the record made at the former hearing in considering the sufficiency of the application and held it did not really show a change in condition that would authorize a review of the case for an adjustment of the compensation.

In the present case the applicant stated and fully supported his plea that he had become hopelessly disabled permanently and entirely by reason of the injuries he had suffered in the accident. His physician, Dr. Guerrant, who was in a better position to know his condition than anyone else, had testified on the original hearing that he was then totally disabled at least 50 to 60 percent, "but I don't know what he is going to be a year from now." He further testified: "Mr. Webb may have serious internal injuries that might give him trou-

ble later on. Unquestionably he ruptured that kidney when he fell. It may never give him any more trouble. He still has pain—right now he is incapacitated for his kind of work, but for the future of that side, there is no doctor in the world can tell you whether he is going to have it or whether he is not.'' Another physician, Dr. Henry, had examined him several times and testified: ''It is now practically one year since Mr. Webb's accident. It is my opinion that the true conditions above mentioned may now be regarded as permanently disabling, and he is permanently and totally disabled. Those two facts, of course, being the stiffened back and the injury to the ankle.'' Two other physicians residing in Louisville had examined the employee at the time for the purpose of giving testimony in behalf of the employer. One testified that Webb was exaggerating his condition, which he attributed altogether to chronic arthritis. The other had taken an X-ray of Webb's back and found it normal.

Thus, the respective doctors differed in the diagnosis. The one in better position to know refrained from positive prognosis, but the other boldly expressed the opinion of total disability. The two Louisville doctors were not asked for an opinion as to the future. There was left open that which the development of time has proved, according to the prima facie showing of the application, namely, a change in the injured employee's condition from that found at the time by the board to exist. We are of opinion, therefore, that the applicant met the burden in the first step in the proceedings, namely, that he is entitled to have his case opened up for consideration of his claim. Accordingly, the court properly ruled that the board should consider the case on the merits.

Judgment affirmed.