**HARVEY COAL COMPANY, Appellant,**

**v.**

**Amos COLWELL, Appellee.**

Court of Appeals of Kentucky.

May 9, 1958.

---

J. W. Craft, Jr., Craft & Stanfill, Hazard, for appellant.

H. B. Noble, Hazard, for appellee.

CAMMACK, Judge.

In November 1956, the appellee, Amos Colwell, filed a petition for review of an order of the Workmen's Compensation Board dismissing his motion to reopen his claim (one for disability from silicosis) against the appellant, Harvey Coal Company. The Board's dismissal was based upon the proposition that a claim for further compensation, under the occupational disease statutes, made more than one year after the satisfaction of an award by a lump sum payment is barred by the limitation provisions of KRS 342.316(3). This appeal is from a judgment of the trial court which set aside the Board's order and directed it to hear the appellee's claim on its merits.

In March 1955, Amos Colwell was awarded compensation for disability from silicosis. Prior to that award (in February 1955) Colwell had entered into an agreement with the appellant whereby he was paid 25 per cent permanent partial disability benefits in the lump sum of $2,243.52. Colwell was last exposed to the hazard of silicosis in February 1954.

The question presented on the appeal is whether KRS 342.316(3) serves to circumscribe the provisions of KRS 342.125 in cases of disability resulting from an occupational disease. The pertinent portion of KRS 342.316(3) and KRS 342.125 follow:

"342.316(3) * * * where compensation has been paid or awarded, whether for disability or death from an occupational disease, and the payments have been discontinued, the claim for further compensation shall be made within one year after the last payment of compensation."

"342.125. Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this chapter, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder."

The Board ruled that the provisions of KRS 342.316(3) were controlling because

they were enacted after KRS 342.125 became effective. The Board reasoned that the Legislature was aware of the earlier limitation statute when it enacted the later one relating to occupational diseases. The trial court took the view that the two statutes should be construed together to arrive at the intent of the Legislature. In construing the statutes the trial court reached a result in general accord with the case of Johnson v. J. P. Taylor Co., 211 Ky. 821, 278 S.W. 169, which dealt with the general statute and was not concerned with the limitation found in KRS 342.316(3).

When we consider the statutes together the language of KRS 342.316(3) leads us to the conclusion that employees disabled from occupational diseases have been restricted by a limitation not imposed upon employees disabled from traumatic injury. On this question the Board said:

"* * * It is not within our province to speculate as to why a majority of the members of the General Assembly should distinguish between wage earners crippled by traumatic injuries and those crippled by an occupational disease such as silicosis, by sharply curtailing the period during which the latter enjoy the protection of the salutary provisions of KRS 342.125. Neither are we permitted to question the equity or wisdom of such a distinction. We are limited to an effort to determine the intent of the legislature, and we cannot escape the conviction that, wisely or otherwise, it was intended that the distinction be made and preserved."

We think the Board properly disposed of the limitation question.

The payments to Colwell were discontinued after the lump sum settlement in February 1955. This action was instituted more than one year after the last payment was made. Where compensation has been *paid* or *awarded* for disability from occupational disease, and the payments have been discontinued, a claim for further compensation made more than one year after the last payment comes too late.

Judgment reversed and case remanded for the entry of a judgment approving the ruling of the Board.