Ronald A. SCHULTE, Appellant,

v.

WORKMEN'S COMPENSATION BOARD OF KENTUCKY, Louisville Division of Police, City of Louisville and Vigilant Insurance Company, Appellees.

Court of Appeals of Kentucky.

Sept. 8, 1978.

Daniel T. Albers, Louisville, for appellant.

Walter R. King, Bixler W. Howland, Louisville, for appellees.

Before GANT, HOGGE and HOWERTON, JJ.

GANT, Judge.

This action is on appeal from the Jefferson Circuit Court decision affirming an order of the Workmen's Compensation Board which denied appellant's motion to reopen.

Appellant sustained an injury to his left knee on the night of February 9, 1975, and on March 13, 1975, appellant filed a claim for Workmen's Compensation benefits. Initially, evidence was taken in this case and a hearing was held before the Workmen's Compensation Board. However, through negotiations, on November 16, 1975, the appellant and the appellees, Louisville Division of Police, City of Louisville, and Vigilant Insurance Company, entered into an agreement as to the compensation payments. The parties agreed to a 15% permanent partial disability to the body as a whole to be paid in a lump sum. This agreement was approved by the Workmen's Compensation Board on December 8, 1975, and at that time became an award of that Board. Calculations were made by multiplying the percent of disability times the maximum award. On January 9, 1976, the decision in *C. E. Pennington Company, Inc. v. Winburn,* Ky., 537 S.W.2d 167 (1976), was rendered by the Supreme Court of Kentucky. Shortly thereafter, appellant asked the appellees to increase the award, using the calculation method applied in *Pennington.* On May 7, 1976, the Supreme Court denied the petition for rehearing on the *Pennington* case and mandate issued. Again, appellant requested of appellees' attorneys additional payments and, again, they refused. Thereafter, on June 2, 1976, the appellant petitioned the Board pursuant to KRS 342.125 to review the award and order and require the appellees to pay the additional sum, using the method of calculation set forth in *Pennington.* Subsequent to this, the case of *Apache Coal Co. v. Fuller,* Ky., 541 S.W.2d 933 (1976), was decided by the Supreme Court. After mandate issued on that case on November 12, 1976, the appellant filed a supplemental petition for review of the award requesting the court to order the appellees to pay an additional sum calculated using the statutory minimum award. The initial petition for rehearing had never been acted upon by the Board but on December 13, 1976, the Board entered an order overruling the plaintiff's motion for supplemental review. Appellant then filed a petition for reconsideration and a request for a ruling on its original motion for review pursuant to the *Pennington* case. On January 17, 1977, the Workmen's Compensation Board overruled both the petition for reconsideration and the original petition to reopen. From these orders appellant appealed to the Jefferson Circuit Court on January 26, 1977. On August 11, 1977, an opinion affirming the Board was issued by the Jefferson Circuit Court. It is from this decision that the instant appeal has reached this Court.

■ Although appellees contend that this was a compromise settlement and not available for reopening, and the circuit court used this as a partial basis for affirming the Board's denial of reopening, this contention is of little merit. In 1932, the Kentucky Court of Appeals in *Black Mountain Corporation v. Middleton,* 243 Ky. 527, 49 S.W.2d 318 (1932), stated that a settlement filed with the Board and approved by the Board is an award and is subject to reopening. This position has subsequently been approved by the court in *Woodford Oil and Gas v. Creech,* 250 Ky. 307, 62 S.W.2d 1031 (1933); *Lincoln Coal Company v. Watts,* 275 Ky. 130, 120 S.W.2d 1026 (1938); *Fiorella v. Clark,* 298 Ky. 817, 184 S.W.2d 208 (1944). Although compromise and concessions may be involved in the parties' deciding to reach a settlement, once the Board acts upon the settlement it is an award within the meaning of KRS 342.125. Since it is an award, it is subject to reopening provided a cause as set forth in KRS 342.125 is available.

■ The dominant question presented on this appeal is whether *Pennington, supra,* and *Apache, supra,* are available as a basis for reopening an award. The case of *Stearns Coal and Lumber Company v. Vanover,* 262 Ky. 808, 91 S.W.2d 518 (1936),

interprets the word "mistake" as used in the Workmen's Compensation Act to include a mistake of law. Therefore, if the Board was guilty of a mistake of law for failing to use the computation methods as set forth in *Pennington* and *Apache,* this case would be subject to reopening. At the time of this settlement, the parties were operating under an interpretation of KRS 342.740 that was well accepted. The Board was also using this interpretation.

As stated in our recent decision of *Keefe v. O. K. Precision Tool & Die Co.,* Ky.App., 566 S.W.2d 804, 807 (1978), which held that *Apache, supra,* would not be applied retroactively, "[t]he award of the Board once final may only be reopened upon a showing that the Board misapplied the law as it was when the award was made. Subsequent interpretations of the law will not warrant the reopening of awards made final under the doctrine of res judicata." The same reasoning holds true as to the application of *Pennington, supra,* to this case.

Therefore, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.