# Jett's Guardian et al. v. Spicer et al.

(Decided March 24, 1933.)

HENRY L. SPENCER and J. G. C. SPENCER for appellants.

GRANNIS BACH for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Affirming.

A special demurrer having been sustained to the petition, as amended, of the plaintiffs below (here appellants), and they having declined to plead further, their petition was dismissed, and they have appealed. The petition, as amended, in substance avers that Pierce Jett, now deceased, in his lifetime intermarried with Lucille Jett, and that there was born to them a son, the appellant Leo Jett, who is now about 17 years of age; that, when Leo Jett was about six months old, Pierce Jett and Lucille Jett were divorced; that Lucille Jett thereafter married a man by the name of Smith. As Lucille Smith, guardian for her infant son Leo Jett, she, too, is a party appellant to this suit. The petition, as amended, then avers that Pierce Jett after he had been divorced from his first wife married Grace Jett, and that there was born to them a son Samuel Jett, who is now about 8 years of age. He is a party appellee herein, as is also his guardian, J. H. Johnson. The petition, as amended, then goes on to state that Pierce Jett thereafter and while working for the Marion Coal Company was killed in an accident arising out of and in the course of his employment. His widow, Grace Jett, thereafter married a man by the name of Spicer, and, as Grace Spicer, she is also a party appellee herein. The petition, as amended, then avers that, after the death of Pierce Jett, proceedings were instituted

before the Workmen's Compensation Board, in which Grace Spicer, Samuel Jett, his guardian, J. H. Johnson, and Leo Jett, through Grace Spicer, as his next friend, appeared; that the purpose of such proceedings was to have adjudged to whom the compensation due under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.) should be paid, and that through fraud and misrepresentation Grace Spicer, although acting as the next friend for Leo Jett, her stepson, procured the Workmen's Compensation Board to make an award adjudging that her own son, Samuel Jett, was the sole dependent of Pierce Jett, and that the compensation of $12 a week for 335 weeks allowed by the statute should be paid to the guardian of said Samuel Jett for him as the sole dependent of Pierce Jett, as indeed it was. The petition, as amended, then alleges that prior to his death Pierce Jett had not only had the custody of his infant son Leo Jett alternately with the mother of said Leo since their divorce, but that also he had in fact supported and maintained his said infant son Leo with all the necessities of life and had provided for his rearing and education, and that in truth and in fact Leo Jett was as much dependent on his father, Pierce Jett, for his sustenance and support as was Samuel Jett, and that, instead of Samuel Jett being the sole dependent of Pierce Jett, both he and Leo Jett were together the total dependents of such Pierce Jett, but that, through fraud and misrepresentation of Grace Spicer, the award had been made as stated. It was then averred that the guardian of Samuel Jett still had in his possession all of the compensation that had been awarded and paid as aforesaid, and it was sought to have it adjudged in this suit that Leo Jett was entitled to one-half of such sum. The First National Bank of Jackson was joined as a party defendant on the allegation that it was the depository of the funds of the guardian of Samuel Jett. The lower court sustained the special demurrer to the petition on the theory that the finding of the Compensation Board as to the sole dependency of Samuel Jett was conclusive as between the parties to that proceeding until in some manner allowed by law it was set aside by the Compensation Board, which, being true, the circuit court had no jurisdiction of this original suit.

We are of opinion that the trial court was correct in its ruling. The petition, as amended, discloses that

Leo Jett was a party to the proceedings before the Compensation Board in which it was adjudged that he was not dependent on Pierce Jett, and that Samuel Jett was the latter's sole dependent. The Compensation Act in terms declares that the findings of fact by the board shall be conclusive (Kentucky Statutes, sec. 4935), and the constitutionality of this provision has been upheld in the cases of Greene v. Caldwell, 170 Ky. 571, 186 S. W. 648, Ann Cas. 1918B, 604, and Wells Elkhorn Coal Co. v. Vanhoose, 220 Ky. 381, 295 S. W. 464. Likewise, when the board acts within its jurisdiction, its conclusions of law are conclusive as between the parties, subject to the right of review by the method pointed out by the statute (section 4935, Kentucky Statutes) and which is not the method pursued in this case. The finding of the board that Samuel Jett was the sole dependent of Pierce Jett at the time of the latter's death is now conclusive on the parties until that finding be set aside by the board pursuant to section 4902 of the Statutes, the time for a review pursuant to section 4935 of the Statutes having long since elapsed. It is argued, however, that it is now too late to try to reopen this award before the Compensation Board, because the period during which compensation has been or might have been paid has elapsed, the right to reopen being, as it is claimed, confined to such period. The line of cases illustrated by Rex Coal Co. v. Campbell, 213 Ky. 636, 281 S. W. 1039, is cited in support of this proposition. If this be true, it is argued that relief should be granted in this action, otherwise Leo Jett is without remedy for the fraud thus practiced upon him. The cases cited in support of the major proposition are cases arising between employer and employee. Whether the same rule should apply in a situation like that disclosed by this record is not presented to us for decision. But even if the worst be assumed, and that it be conceded that limitations have barred the infant's rights, he is in no worse predicament than any other person whose just rights have been barred by limitations. As to the wisdom of the Legislature in barring an infant's rights when he is represented by a committee, guardian, or next friend (see Kentucky Statutes, sec. 4919), we have nothing to do. That is a matter which addresses itself to its discretion. Perhaps the next friend, if she has acted wrongfully, may be answerable in damages for her wrong. But be that as it may, the award of

the Compensation Board here is conclusive on the parties until it be set aside by the board, and so the trial court was right in sustaining the special demurrer to the petition as amended.

Its judgment dismissing the petition, as amended, is affirmed.