277 So.2d 835 (1973)
Donnie Eugene NOOE, Appellant,
v.
Ina Mae NOOE, Appellee.
No. 72-556.
District Court of Appeal of Florida, Second District.
May 11, 1973.
Ann Loughridge Kerr, Tampa, for appellant.
R.B. Crawford, Jr., Bartow, for appellee.
BOARDMAN, Judge.
Appellant-husband appeals an adverse final judgment and order denying rehearing in an action for dissolution of marriage he filed against appellee-wife. The appellee filed an answer denying that the marriage was irretrievably broken and, in addition, *836 filed a counter-petition seeking separate maintenance and other affirmative relief.
The trial court's ruling denied the husband's petition for dissolution of marriage with prejudice and granted the counter-petition of the wife for separate maintenance, alimony, child support, custody of the two minor children, and other relief.
The court is called upon to consider two issues on this appeal.
First, that the trial court erred in finding that the wife was entitled to a final judgment of separate maintenance unconnected with the dissolution of marriage. Our review of the record confirms this finding of the trial court. We do not agree with the contention of appellant that "Separate Maintenance" has been abolished by the new "Dissolution of Marriage Law" effective July 1, 1971, Chapter 71.241, Laws of Florida, 1971. The phrase "Separate Maintenance" is retained in that law. Section 61.14(1), Florida Statutes, 5 F.S.A. In our opinion, therefore, the concept of separate maintenance may be awarded within the discretion of the trial court, though it may be categorized by another designation. The final judgment specifically provided that the wife was to receive regular periodic payments of alimony and added payments for child support, which entitlements are permissible under Section 61.09, Florida Statutes, 5 F.S.A. The evidence does disclose that the husband was voluntarily paying to the wife, prior to the entry of the final judgment, the identical amounts for the above-stated purposes that he is now required to pay to the wife by the court's order. Clearly this action by the court was in the best interests of the wife and children and within his sound judicial discretion and inherent power.
On the second issue, we respectfully submit, we cannot agree with the esteemed trial judge in his finding that the husband's petition for dissolution of marriage be denied and dismissed with prejudice. As we read the applicable statutory provision, the trial court was without authority to make such a finding. Section 61.052(2)(b), Florida Statutes, F.S.A., provides:
"... If the court finds that the marriage is not irretrievably broken, it shall deny the petition for dissolution of marriage." (Emphasis supplied).
Further, under the Act, the trial judge is authorized, if he is in doubt as to whether the marriage was irretrievably broken, to continue the proceedings for a reasonable length of time, not to exceed three months, to enable the parties themselves to effect a reconciliation, or to order either, or both, of the parties to consult professional counselors. Section 61.052(2)(b), 5 F.S.A. We cannot find in the record that such action was directed or ordered by the trial court. We are, of course, cognizant of the fact that the trial court did have authority under the prior divorce law of fault concept to deny a divorce with prejudice.
This case, as indicated above, is governed by the new dissolution of marriage law effective July 1, 1971; yet, notwithstanding, it appears to us from a reading of the transcript of testimony that the trial judge conducted the trial of the case and subsequently decided this issue on pre-July 1, 1971 divorce law standards and criteria.
As our supreme court has stated in a well-reasoned opinion written by Justice Dekle in the recently decided case of Ryan v. Ryan, Fla. 1973, 277 So.2d 266:
"... All of the surrounding facts and circumstances are to be inquired into to arrive at the conclusion as to whether or not indeed the marriage has reached the terminal stage based upon the facts which must be shown... ."
The husband and wife were the only witnesses who testified in the case. The testimony was prolix, but is summarized as follows:
On direct examination, the husband testified that the marriage was irretrievably *837 broken and there was no hope of reconciliation between the parties; that the parties were married in 1961 and had been living separate and apart from each other since 1968; that there were no children born of the marriage, but the husband had adopted the four children of the wife by her prior marriage; two teenage children are still living at the home of the wife. The husband, on cross-examination, and the wife, during her direct examination, testified, in effect, that the husband had spent one to two nights per week at her home and in her bed for the past three years, and that on these occasions ate breakfast with the children at her home. The wife, in testifying, introduced into evidence as exhibit #1 calendars for the years 1968 through most of the year 1972 on which she had marked the dates on which the husband had stayed in her home. We glean from the record that the husband had previously filed an action for divorce against the wife on the old ground of extreme cruelty and that she had been advised to keep a record of the times that the husband either visited in her home or had sexual intercourse with her. Further, on cross-examination by the attorney for the wife, the husband admitted that the sum of $3,000 was owed to him by a married woman for whom he had purchased a car and other personal property for her children. We think it pertinent to set out specifically the following testimony:
The wife testified that she wanted the husband to come back home and live permanently:
"Q. You want Mr. Nooee to come back home and live permanently?
A. I sure would like it.
Q. But you heard what he said and in light of that are you satisfied he means what he is saying?
A. Yes, sir.
* * * * * *
A. He said that things might work out. He hasn't ever said that he would come back.
Q. Are you satisfied that in the light of that that the marriage is broken?
A. No sir. He might come back."
In addition, the record discloses that both parties admitted that they had encountered marital difficulties during their life together. As stated above, the husband had been living separate and apart from the wife. He resided permanently in a motel, but left some personal belongings at the home of the wife. In this connection, the wife testified that she had no objection to the husband getting them as long as he pays storage for four years on them  an attitude hardly calculated to restore union, friendship and harmony, or to forgive and forget. Further, we do not believe that the sexual relations indulged in by the parties during the separation, alone and without a clear showing of intent to reconcile, is justification to deny the dissolution of marriage with prejudice. See Mickler v. Mickler, Fla.App. 1958, 101 So.2d 157, and cases cited therein. Likewise, Section 61.044, Florida Statutes, F.S.A., entitled "Certain existing defenses abolished."
In conclusion, as we comprehend the legal effect of the evidence as a whole, in the light of the applicable statutory law, and the judicial interpretations thereof that our research reveals, we reverse and remand the case to the trial court with directions to enter a final judgment of dissolution of marriage.
We concur with the majority opinion in the case of Riley v. Riley, Fla.App. 1972, 271 So.2d 181, where the First District stated:
"... If refusal of dissolution would amount to a legal perpetuation of a relationship which has ceased to exist in fact, the petition should be granted."
In the case sub judice, the facts show that the marriage is irretrievably broken; that there is no real hope of reconciliation; *838 that it is in the best interest of the parties, and particularly the teenage children, that the marriage relationship be terminated.
On the motion for attorney's fees for appellee's attorney in connection with this appeal, the sum of $350 is hereby allowed.
We, therefore, affirm in part and reverse in part as indicated herein.
LILES, Acting C.J., and FOGLE, HARRY W., Associate Judge, concur.