Gillis SMITH, Appellant,

v.

Edith SMITH, Appellee.

Court of Appeals of Kentucky.

June 29, 1973.

Grant F. Knuckles, Pineville, Johnson, Teague & Cox, Williamsburg, James S. Wilson, Pineville, for appellant.

C. B. Upton, Williamsburg, for appellee.

STEINFELD, Justice.

Before June 16, 1972, the effective date when the divorce laws of this state were substantially amended (Acts 1972, Ch. 182), appellee Edith Smith sued appellant Gillis Smith for a divorce from bed and board (KRS 403.050). Mr. Smith counterclaimed for an absolute divorce (KRS 403.010). During the pendency of the action the amendments became effective. One section provided that the revision applied to proceedings commenced prior to the effective date of the new laws " * * * with respect to issues on which a judgment has not been entered," and that "(p)ending actions for divorce or separation are deemed to have been commenced on the basis of irretrievable breakdown." [1] The court granted a legal separation to the wife (KRS 403.140(2)) and gave her custody of the two infant children (KRS 403.-260), for whose support the husband was ordered to pay $60 per month (KRS 403.-210). It also awarded the wife " * * * the sum of $21,000 as her part of the marital property." (KRS 403.190). On this appeal the husband complains that a dissolution of the marriage was required and

I. Acts 1972, Ch. 182, Sec. 26(2).

that the award of $21,000 to the wife was not justified. He does not attack that part of the judgment which gave custody of the children to the wife or the amount provided for their support. We affirm in part and reverse in part.

Appellant and appellee had lived together for approximately 15 years before September 21, 1963, the date on which they were married. Each had been married before and had children by their previous marriages. Before appellant and appellee were married, six children were born to them, only two of whom were infants at the time the appealed judgment was entered. The separation of the parties occurred in April 1964, and existed thereafter.

■ The husband argues that he was entitled to have a dissolution of the marriage under KRS 403.140(1)(c), inasmuch as the trial court found that there had been an irretrievable breakdown of the marriage. KRS 403.140 in part provides that:

"(1) The circuit court shall enter a decree of dissolution of the marriage if:

(c) The court finds that the marriage is irretrievably broken."

That same statute states:

"(2) If a party requests a decree of legal separation rather than a decree of dissolution of marriage, the court shall grant the decree in that form unless the other party objects, in which latter event the other provisions of this chapter shall apply."

The husband objected to the request which Mrs. Smith had made for a legal separation, therefore, having found that the marriage was irretrievably broken, the court was required by KRS 403.140 to dissolve the marriage rather than adjudge a legal separation.

■ Much of the property involved, principally a farm which the trial court found to be worth $30,000, was acquired before the marriage but while the parties were living together. At the time the marriage occurred, this farm and other property of substantial value were registered in the name of the husband. The effect of the judgment was to award the wife one-half of the sale price of a part of this farm, which part was sold while this action was pending in the circuit court. The court failed to determine what contribution, if any, appellee had made toward the acquisition of that property, except that she prepared meals for Mr. Smith before and after the marriage and bore him six children. However, the court found that Mrs. Smith had contributed no money toward the payment of the purchase price of the property, but contribution of money is not the only factor to be considered in these circumstances.

■ From the findings of fact, conclusions of law and the judgment, it appears that the court considered that under Colley v. Colley, Ky., 460 S.W.2d 821 (1970), an adjustment of the property should be made as if all of it had been acquired while the parties lived together in and out of wedlock. Colley involved marital property and not property acquired through joint efforts before a marriage. Here, the chancellor must determine whether there was property in which Mrs. Smith had a legally recognizable and enforceable interest at the time of the marriage. If the court finds that she did, that interest first must be assigned to her and then the marital property divided, if any was acquired during the short period of the marriage (KRS 403.-190; Cf. Colley v. Colley, supra), or if there was an increase in value of property after the marriage due to team effort as contrasted with an increase caused by general economic conditions, she is entitled to share in that increase. Sharp v. Sharp., Ky., 491 S.W.2d 639 (1973).

■ Counsel for Mrs. Smith has moved this court to award to him a fee of $500 for representing Mrs. Smith on this appeal.

That is not our function, therefore the motion will not be acted on by this court. It is a matter which the trial court may consider in connection with the future proceedings.

The judgment is affirmed in part and reversed in part for further proceedings consistent with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.