**Miguel LAFFOSSE, Appellant,**

v.

**Consuelo LAFFOSSE, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1978.

Rehearing Denied April 14, 1978.

Nick L. Pearl, Radcliff, for appellant.

Paul M. Lewis, Lewis, Bland & Preston, Elizabethtown, for appellee.

Before HAYES, VANCE and WINTER-SHEIMER, JJ.

HAYES, Judge.

Appellee Consuelo Laffosse filed a petition for a legal separation in Hardin Circuit Court and appellant Miguel Laffosse counterclaimed for a dissolution of the marriage. The trial court granted the legal separation and use of certain real estate of the parties, and required appellant to pay maintenance. Appellant claims the trial court erred in failing to dissolve the marriage.

The parties were married in Puerto Rico in 1951. He is a retired Army enlisted man presently employed by the U. S. Civil Service Commission as a dental lab technician. She is unemployed. They own property in Florida and Kentucky.

The trial court in its "Order and Judgment", which we will treat as a findings of fact and conclusions of law under CR 52.01, made the following findings, inter alia, "2. Grounds to dissolve the marriage have not been established and it would be in the best interest of the parties that a legal separation be granted between the parties."

The trial court gives no reasons for his above finding and conclusion. The trial court obviously found, although it did not state so, that the marriage was not irretrievably broken as required by KRS 403.-170.

Generally, the law in states which have no-fault divorce statutes is that the determination of whether a marriage is irretrievably broken or not is a judicial function based upon the evidence in the case. See *In Re Marriage of Collins*, 200 N.W.2d 886 (Iowa 1970); *Nooe v. Nooe*, 277 So.2d 835 (Fla.1973); *McKim v. McKim*, 6 Cal.3d 673, 100 Cal.Rptr. 140, 493 P.2d 868 (1972); *In Re Dunn*, 13 Or.App. 497, 511 P.2d 427 (1973). Also *Petrilli's Kentucky Family Law*, § 23.30 (1974 Supp.) commenting on KRS 403.170 states, "This section is not intended to allow divorce by agreement of the parties but makes the determination of whether the marriage is irretrievably broken a judicial function after hearing and upon the evidence."

The Court of Appeals in *Smith v. Smith*, Ky., 497 S.W.2d 418 (1973) held that when the husband objected to the wife's request for a legal separation and the husband asked for a divorce, and the court

found that the marriage was irretrievably broken, the trial court was required under KRS 403.140(1)(c), (2) and KRS 403.170 to dissolve the marriage rather than grant legal separation. The appellee distinguished the *Smith* case by arguing that in the present case, the trial court did not find the marriage irretrievably broken, but found just the opposite. We agree in part with the appellee. It is true the *Smith* case can be distinguished from the present case as appellee contends; however, if the trial court clearly erred by finding that the marriage was not irretrievably broken, then under CR 52.01 his findings may be set aside. Then if the evidence admits of but one conclusion, that is that the marriage is irretrievably broken, the *Smith* case would apply. We so hold.

■ A perusal of the record in this case makes it clear that the marriage was irretrievably broken. Both parties testified under oath that the marriage was irretrievably broken and in addition we cite the following testimony under oath by the appellee in answer to questions propounded by her own counsel:

Q228. Now you don't want the court to grant a divorce· or to dissolve the marriage here, do you?

A. No sir.

Q229. Because you have rights as a surviving widow from your retired husband?

A. Yes sir.

Q252. As a dependent of your husband, you have a right to free medical care and prescriptions, is that right?

A. Yes sir.

Q253. And that was another reason that you didn't want the court to dissolve the marriage, is that right?

A. Yes sir.

In addition the wife stated she desired no conciliation conference and had been in the hospital as the result of beatings and choking inflicted upon her on numerous occasions by the appellant.

The record leads to but one conclusion. The appellant is the appellee's security blanket only in so far as her financial needs, and she, by securing a legal separation instead of a dissolution of marriage, can prevent the umbilical cord from being severed, even though the parties' marriage is irretrievably broken.

The trial court's finding that the marriage was not irretrievably broken was clearly erroneous. He should have found to the contrary based upon the record. Therefore, *Smith v. Smith, supra* does apply and the judgment herein is reversed and remanded with directions to the trial court to enter a decree dissolving the marriage and justly distributing the parties' property in accordance with existing Kentucky law.

All concur.