Jerry **WOOLUM**, doing business as **J & J Trucking Company**; and **Plastics Universal Corporation**, Appellants,

v.

Don **WOOLUM**; Thelma L. Stovall, Commissioner of Labor (Special Fund); and Workers' Compensation Board, Appellees.

No. 84–CA–758–MR.

Court of Appeals of Kentucky.

Sept. 14, 1984.

As Modified Sept. 21, 1984.

Rehearing Denied Nov. 9, 1984.

Discretionary Review Denied
Feb. 21, 1985.

Gayle G. Huff, Rice, Huff & Hendrickson, Harlan, for appellants.

John E. Anderson, Cole, Cole & Anderson, P.S.C., Barbourville, for appellee Don Woolum.

Douglas A. U'Sellis, Labor Cabinet, Louisville, for appellee Thelma L. Stovall.

Before REYNOLDS, WHITE, and WILHOIT, JJ.

WILHOIT, Judge.

The appellants, an individual operating a trucking enterprise and a company for which that enterprise was hauling materials under contract, appeal from a judgment of the Knox Circuit Court affirming an award to the appellee claimant, Don Woolum. The Board had found the claimant was totally occupationally disabled and apportioned fifty percent of the liability for compensation against the appellants and fifty percent against the Special Fund.

The sole question raised by the appellants is whether the Board's finding of fifty percent occupational disability attributable to the claimant's injury of May 5, 1981, alone is erroneous and not supported by reliable, probative, and substantive evidence of record.

■ It is elemental compensation law of long standing that a finding for the claimant by the Board will not be disturbed on appeal to either the circuit court or an appellate court if there is any substantive evidence of probative value to support it. *See, e.g., Hush v. Abrams,* Ky., 584 S.W.2d 48 (1979); *Holman Enterprise Tobacco Warehouse v. Carter,* Ky., 536 S.W.2d 461 (1976); *International Harvester Co. v. Poff,* Ky., 331 S.W.2d 712 (1959); *Rex Coal Co. v. Campbell,* 213 Ky. 636, 281 S.W. 1039 (1926). In the present case, the Board's findings include the following provisions:

4. On May 5, 1981 the plaintiff began experiencing pain in his left leg as he depressed the clutch in the truck that he was operating. The pain later spread into his back, hip, and leg. Plaintiff has been unable to work since the date of injury and although he has undergone a course of conservative treatment, he continues to experience pain in his hip, leg and back.

. . . . .

6. There was some question as to the work-relatedness of plaintiff's injury; however, the medical testimony has led this Board to believe that plaintiff's back problems are the result of his work as a truck driver. Dr. T.R. Miller was the only physician who could not say that plaintiff's injury was work-related.

. . . . .

8. Apportionment in this case is somewhat difficult. Dr. Bushey believes that 25 percent of plaintiff's disability is due to the arousal of a pre-existing condition with the remainder being due to the injury itself. Dr. Matheny is of the opinion that 20% is due to the injury and 80% due to arousal. Dr. Robert P. Goodman, who examined the plaintiff pursuant to KRS 342.121, reported that plaintiff's disability should be apportioned equally between the injury and the arousal of a pre-existing disease or condition. The credentials

of Dr. Goodman and his extensive report lead this Board to believe that an apportionment should be based upon his recommendation. Consequently, following the dictates of *Young v. Fulkerson*, Ky., 463 S.W.2d 118 (1971) the Board makes the following apportionment:

.    .    .    .    .

(b) The extent of occupational disability attributable to the injury of May 5, 1981, alone is 50%. The employer owes this.

.    .    .    .    .

9. The plaintiff sustained an injury of appreciable proportions as a result of the incident of May 5, 1981, and his future earning capacity and occupational opportunities have been reduced and impaired to the extent found herein.

We have examined the record before the Board and found that the medical testimony, particularly that of Dr. Bushey and Dr. Woolum, provides substantive evidence of probative value for its findings and award. Under the authorities cited above, we affirm. The appellants misapprehend the law when they maintain that the "injury episode of May 5, 1981" was insufficient to support an award for permanent disability; a *traumatic* injury is no longer required under our compensation act. *See Yocom v. Pierce*, Ky., 534 S.W.2d 796 (1976). The Board found, and the evidence substantiates, that the claimant's "back problems are the result of his work as a truck driver." This is clearly an injury as KRS 342.-620(1) defines it, i.e., a "work related harmful change in the human organism, arising out of and in the course of employment."

█ Of the 2003 cases submitted for decision in calendar year 1983, 261 were workers' compensation appeals—that is to say, last year some thirteen percent of the Court's workload was in workers' compensation cases. A significant number of these raised (if not as the sole issue, then as one of multiple issues) the propriety of a finding for the claimant by the Board, governed by the exacting standard of review that we have applied in this appeal. When, as in this case, there is clearly substantive evidence of probative value to support the Board's findings for the claimant, an appeal on this point is an exercise in futility and a waste of judicial time and energy. Such appeals increase the cost of litigation to the parties, place an unnecessary burden on the finite resources of the Commonwealth's judiciary, and ultimately result in an expense to the people of Kentucky through the use of tax revenues and in the increased costs of goods and services resulting from the need to pay for the appeals.

The 1984 General Assembly amended KRS 342.310 (effective July 13, 1984) to provide as follows:

If the board or any court before whom [sic] any proceedings are brought under this chapter determines that such proceedings have been brought, prosecuted or defended without reasonable ground, it may assess the whole cost of the proceedings which shall include actual expenses but not be limited to the following: court costs, travel expenses, deposition costs, physician expenses for attendance fees at depositions, attorney fees, and all other out-of-pocket expenses upon the party who has brought, prosecuted or defended them.

1984 Ky.Acts ch. 78, § 1. Where an appeal is based on a challenge to a finding for the claimant by the Workers' Compensation Board that is clearly supported by substantive evidence of probative value, there is no reasonable ground for the appeal.

█ In the interest of fairness, we have elected not to invoke the penalty provided by KRS 342.310 in the instant case although we believe that it could well be applied here; instead, we are directing this opinion to be published to serve notice on the Bar of this Commonwealth that in the future this Court will have no hesitancy in applying this particular statute or the soon-to-be-effective amendment to CR 73.02[1] in

---

1. By Rule Order 84–2 of the Supreme Court, effective January 1, 1985, CR 73.02(4) is created to read:

appeals where their use is warranted. Because this Court, except in original actions, is not a factfinding tribunal, we believe that the proper procedure under KRS 342.-310 would be to remand to the circuit court for determination of the expenses of the appeal. *Cf. Smith v. Smith,* Ky., 497 S.W.2d 418 (1973).

The judgment of the circuit court is affirmed.

All concur.

If an appellate court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee. An appeal is frivolous if the court finds that the appeal is so totally lacking in merit that it appears to have been taken in bad faith.