PITTSBURG & MIDWAY COAL
MINING COMPANY, Appellant,

v.

Francis CHAPPEL, Deceased; Linda L.
Chappel; John Calhoun Wells, Secre-
tary, Labor Cabinet; Workers' Com-
pensation Board, Appellees.

Court of Appeals of Kentucky.

Jan. 24, 1986.

Case Ordered Published by Court of
Appeals May 9, 1986.

Rehearing Denied July 18, 1986.

Discretionary Review Denied by
Supreme Court Sept. 16, 1986.

Richard M. Joiner, Madisonville, for ap-
pellant.

Ben T. Haydon, Bardstown, David R. Al-
len, Louisville, for appellees.

Before McDONALD, CLAYTON and
DUNN, JJ.

DUNN, Judge.

This is an appeal from a judgment of the
Hopkins Circuit Court in a workers' com-
pensation case. The Workers' Compensa-
tion Board had previously dismissed appel-
lee Linda L. Chappel's claim for benefits
filed on behalf of her deceased husband,
Francis Chappel, based upon the conclusion
that he had failed to provide appellant em-
ployer, Pittsburg & Midway Coal Mining
Company, with timely notice of a work-re-
lated injury to his leg as required by KRS
342.185. On petition for judicial review,
however, the circuit court determined that
that statute was inapplicable to this appeal
and ordered the reinstatement of appellee's
claim for benefits. Appellant employer
now contends that the circuit court erred as
a matter of law in reaching that conclusion.
We agree and reverse the judgment of the
Hopkins Circuit Court.

The facts and circumstances of this case
fall within established case law. We are
not reciting detailed facts of this appeal as
they are of record and well known to coun-
sel and the parties.

KRS 342.185 stipulates that no proceed-
ing for workers' compensation benefits due
to an injury may be maintained unless the
claimant provides his employer with notice
of the accident giving rise to the claim as
soon as is practicable. The Workers' Com-
pensation Board, based upon the state-
ments of appellee's husband that he had
been experiencing increasing difficulties
with his leg for at least ten years, but had
failed to notify appellant employer of that
fact until March 21, 1983, determined that
appellee claimant had failed to comply with
the terms of that statute. The circuit
court, however, pursuant to KRS 342.-
285(3)(c), allowed that KRS 342.185 was not
relevant to appellee's claim as a matter of

law in that her husband's disability was not the product of a single traumatic accident, but was the result of the progressive work-related aggravation of a pre-existing condition. As a result, the circuit court reasoned that the injury involved in this appeal was comparable to an occupational disease governed by the less restrictive notice provisions of KRS 342.316(2)(a).

We disagree as a consideration of the terms "injury" and "occupational disease" as defined in our Workers' Compensation Act indicates that appellee's deceased husband's leg condition was an injury subject to the notice requirements of KRS 342.185. KRS 342.620(1) characterizes a compensable injury as "... any work related harmful change in the human organism, arising out of and in the course of employment. ..." An occupational disease, on the other hand, is described as "... a *disease* arising out of and in the course of the employment" (Emphasis added).

Appellee's husband's medical condition which gave rise to this claim clearly does not fall within the scope of the latter definition as he was unquestionably not suffering from a disease. Rather, he had experienced a harmful change in his body due to the prolonged stress to his leg associated with his work as a coal miner. The fact that there was no single, traumatic incident that caused his disability is of no significance to the characterization of the claim as one for a work-related injury as opposed to an occupational disease. *See Yocom v. Pierce*, Ky., 534 S.W.2d 796 (1976); *Woolum v. Woolum*, Ky.App., 684 S.W.2d 20 (1984). Accordingly, the Workers' Compensation Board correctly concluded that appellee's claim for benefits was the result of a work-related injury subject to the notice provisions of KRS 342.185. The circuit court, therefore, exceeded its authority in disturbing that determination.

· The judgment of the Hopkins Circuit Court is REVERSED.

Further, pursuant to 2(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.