## Standard Accident Insurance Co. et al. v. Hinson.

(Decided Oct. 24, 1933.)

GORDON, GORDON & MOORE for appellants.

J. T. GOOCH and FRED L. SCHUBERT for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

In June, 1926, Sullivan Hinson, while employed by the Sunlight Mining Company, suffered a severe injury on his head. Under the provisions of the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.), it was agreed that the Standard Accident Insurance Company, the mining company's insurer, would pay him, and he would accept, the sum of $15 a week until he should recover from his disability. The agreement was approved by the Compensation Board, and thereby acquired the force and effect of an award. Statutes, sec. 4931; Black Mountain Corporation v. Middleton, 243 Ky. 527, 49 S. W. (2d) 318.

The compensation was duly paid until about April 1, 1929, when the insurance company ceased making payments upon the ground that the disability no longer existed. Hinson then had the case reopened in order to test the question. It was agreed that the report of two certain doctors who should make an examination of his physical condition should be considered as evidence on the hearing. That was done, and the board on August 20, 1929, held that Hinson was still temporarily and totally disabled, and ordered the compensation to continue. The case was by order left open for further orders. Payments were made until April, 1930, when the insurance company petitioned for a rehearing of the case, alleging again that the injured employee had recovered. After hearing the evidence the board again adjudged that the payments should continue. A review by the circuit court resulted in the same judgment. The case is now before us for review.

It is submitted by appellants that the board admitted, over timely objections, incompetent evidence in behalf of the claimant. There is no formal order recit-

ing the rulings of the board upon these exceptions, but on the margin of the depositions appear the words, "Sustained" and "Overruled." Regarding these indications as the rulings of the board, it seems to us that it pretty well sustained exceptions to evidence that was more certainly incompetent. In some instances exceptions were overruled to testimony of complaints which the injured man had made from time to time as to his physical condition and the expressions of opinion of laymen as to his ability to work. Technically such character of evidence is not regarded as competent in a court trial, but the spirit, if not the letter, of the statute (sections 4930-4933) permits quite a degree of liberality on the part of the board in its investigation and acceptance of evidence. Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036; Rex Coal Company v. Campbell, 213 Ky. 636, 281 S. W. 1039. There got into the record a copy of a letter addressed by an examining physician to the attorneys for the insurance company giving a technical description of Hinson's condition and expressing the opinion that he had some permanent disability as the result of the accident. We quite agree that this was incompetent.

We cannot agree, however, that it was improper for the board to consider the report of the examining doctors which was regarded as evidence on the first reopening of the case. A reconsideration for the purpose of modifying an award is but the continuation of the original proceeding. It is the duty of the board on such a review to consider the evidence offered in connection with proof received at the time the award was made and the intervening investigations. Schneider, Workmen's Compensation Law, pp. 1976-1983.

There are two obstructions in the way of securing a reversal of the judgment on account of the incompetent evidence about which complaint is made: First, an award is in the nature of a judgment, and the right acquired under it cannot be destroyed by a mere refusal to recognize it and thereby compelling the injured employee to have the case reopened and prove his right to the compensation; or, indeed, by doing the same thing by simply petitioning for a review. The burden is upon the one claiming a change in conditions upon which the award rests to sustain his charge. Schneider's Workmen's Compensation Law, sec. 552, p. 1982;

Weidner v. Northway Motor & Mfg. Co., 205 Mich. 583, 172 N. W. 574. There is very little evidence to prove a recovery from disability over against better evidence produced by him showing his disabled condition. Secondly, if all the testimony to which appellant objects should be eliminated, there is yet ample evidence of probative value to authorize the finding of the board. In which case, under the familiar rules, it was properly approved by the trial court.

Wherefore the judgment is affirmed.