## Department of Highways v. Harrell.

June 9, 1942.

Hubert Meredith, Attorney General, and A. E. Funk, J. K. Lewis and William Hays, Assistant Attorneys General, for appellant.

H. F. White for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

On July 17, 1937, Syllus Floyd Harrell, an employee of the State Highway Commission, was run over lengthwise by a backing dump truck and his body mashed into the soft earth. At the hearing of his application for workmen's compensation, it was not denied that he suffered painful bruises and other injuries, but the evidence was conflicting as to whether there had been any bone fractures, and his permanent disability was questioned. Upon preponderating testimony the Workmen's Compensation Board found the employee to be permanently and totally disabled. This finding was first by a referee, then by a single member of the board, and finally the full board. An award equal to 65% of Harrell's average wage for 416 weeks, computed as $14.04, plus $200 for medical expenses, was made. No appeal to the court was taken.

The defendant did not comply with the award, but on March 16, 1939, petitioned for rehearing of the case upon the ground that the workman's condition had changed and the award of the board was based upon false testimony of his earnings. Upon that rehearing the employer offered only the testimony of Dr. Charles C. Garr and the personnel officer of the Highway Department. The employee presented the testimony of four doctors, three of whom had testified on the original hearing. The Board adhered to its ruling that the employee was permanently and totally disabled, but reduced the weekly compensation to $10.53. The circuit court confirmed and the State Highway Commission appeals from the judgment.

The appellant extensively discusses the competency of some and the sufficiency of all evidence submitted on the original hearing. That evidence is somewhat subsidiary, for it is to be regarded only as establishing an injured workman's condition when the finding was made for the purpose of ascertaining whether there has been such a change as justifies a modification. The original finding and award is in the nature of a final judgment and the burden rested upon the Highway Commission to prove there was a change in its employee's condition warranting a modification. Standard Accident Ins. Co. v. Hinson, 251 Ky. 287, 64 S. W. (2d) 574.

Dr. Garr examined Harrell in February, 1940. Concerning his condition he testified:

"He complained of pain about the right hip and a numbness and tingling in the right leg. My examination shows that he walked with a limp and with the right foot turned outward and a tendency to footdrop. He bent his spine forward normally but in doing so he had to extend the right hip and he complained of pain on acute flexion of the right hip. There was no atrophy and no shortening."

He further found that the "bones of most of the vertebrae showed slight hypertrophic changes," which the doctor defined as being "a deposit of bone in the ligaments and in the vertebra, which comes on with age." In view of his description of the man's condition and the fact that he had had his whole body crushed into the earth and admittedly suffered severe injuries, together with the overwhelming testimony of a number of other physicians, Dr. Garr's expression of opinion that Harrell was suffering only a "functional disturbance, which we call neurosis," defined to be only a mental condition, is startling. This imaginary condition, the doctor stated, created a temporary impairment of 25% or 30%. It will clear up, said he, when the litigation shall have ended. The record from the beginning to the end shows the workman to be totally and permanently disabled, except as reflected in the opposing opinions of Dr. Garr and some other physicians expressed on the original hearing. The original allowance of compensation was based solely upon the applicant's testimony of his earnings. The defendant had offered no proof on that subject. On the rehearing his earnings were definitely established by the pay roll records and a correction made in the allowance.

In view of the statute (Section 4935) and the consistent and many rulings of this court that the finding of fact by the Workmen's Compensation Board is conclusive and final if based upon any substantial evidence, we can but wonder why the case was ever appealed to the courts.

The judgment is affirmed.