## W. E. Caldwell Co., Inc., et al. v. Borders.

March 22, 1946.

844

Robert F. Vaughan for appellants.

Mahan & Mahan for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On November 30, 1943, W. E. Caldwell Company was engaged in the lumber business in Louisville, Ky., including preparing it for building purposes, whilst appellee was one of its servants and employees. Both parties had accepted the provisions of the Workmen's Compensation Act. On that day appellee claims to have received a strain in some part of his back when lifting and delivering to the operator of a planing machine a piece of lumber to be dressed. He worked the balance of the day, and reported the injury to his employer. It in turn made report to its indemnifying company. There was also a report made by Dr. Wilbur Helmus, the company's physician, who examined plaintiff and prescribed for him. In his report the physician stated that he examined plaintiff who complained of pain in the lumbo-sacral muscles of the back, the examination having been made on December 1 of the same year. He revealed in his report that X-ray examinations were made showing no bone injury and that the only injuries were purely muscular supported only by subjective symptoms. The

doctor recommended a plaster over the complained of parts, and prescribed heat applications, plus some tablets to ease plaintiff's pain of which he complained.

In the meantime the parties agreed on a settlement of the damages produced by the temporary injury, whereby the employer paid appellee $70.70 for which he executed his receipt, which was delivered to and accepted by the Board as a settlement of the claim. On January 3, 1944, plaintiff returned to work at a weekly wage of $25 and continued his service for a few days more than a year, when he filed before the Board, pursuant to notice given, a motion to reopen the case, the entire motion stating: "Comes the plaintiff in person, and by counsel, and moves the honorable Board to set aside the final order in this case and to reopen same for the taking of additional proof on the grounds of a mistake and a change of condition."

On February 15, following plaintiff's motion, defendant answered denying that plaintiff sustained any permanent injuries, or that there had been any change of condition as a result of the accident complained of; but that if plaintiff was in the condition described at the time he sought a reopening of the case "then the condition is attributable to other causes and conditions unknown to this defendant." With the motion to reopen plaintiff filed his affidavit and that of Dr. R. Hays Johnson, who had never treated him for his alleged injury but who incorporated in his affidavit the subjective symptoms related to him by movant, and plaintiff herein, with his conclusions therefrom. In plaintiff's affidavit filed with his motion (which may be treated as a pleading and was denied by his employer) he stated his present condition and that "he is now advised by his doctor that his condition is permanent and he will no longer be able to perform manual labor." The only physician shown by the record to whom he applied after returning to work was Dr. Johnson who was not employed to treat plaintiff, but solely to qualify him to testify as an expert in plaintiff's motion to reopen the case.

The Board overruled the motion and on March 8, 1945, plaintiff filed in the Jefferson circuit court his petition for a review of the order of the Board dismissing his motion and filed therewith the entire proceedings had before the Board. Defendant demurred to

the petition, which the court overruled and from that ruling appellants prosecute this appeal. However, the court failed to enter judgment following that ruling directing the Board to reopen the case. Notwithstanding such failure the parties consent in this court that the appeal might be considered and determined as if such an order had been made by the court. In disposing of the case it should be remembered that on such a review proceeding from the orders and judgments of the Board to the circuit court the latter considers no evidence, except that which was made before the Board which, as we have seen was made a part of the petition herein.

Looking at the Board record alone it will be perceived that, notwithstanding defendant denied the grounds for a review set out in planitiff's motion, no evidence whatever was introduced before the Board save the affidavit of Doctor Johnson; the plaintiff's affidavit being no more—even if it contained matter authorizing a review—than a pleading by him which defendant's denial put in issue, thereby casting the burden on plaintiff to prove, not only a change in condition, but also that such change was a direct and proximate result of the injury he received.

Our statute authorizing the Compensation Board to reopen awards for reasons therein stated is KRS 342.125, which says: "Upon its own motion or upon the application of any party interested and a showing of change of conditions, mistake or fraud, the board may at any time review any award or order, ending, diminishing or increasing the compensation previously awarded, within the maximum and minimum provided in this chapter, or change or revoke its previous order, sending immediately to the parties a copy of its subsequent order or award."

The only ground for plaintiff's motion to reopen the case before the Board was that there had been a "change of condition." He did rely in his motion on that ground, but he failed to state another condition which must exist in order to entitle him to such relief, that the present condition was the result of the accident of which he complains. It was not stated, either in his motion or in his own affidavit that he filed in support thereof. It therefore, remains to be seen as to whether or not the affidavit of Dr. Johnson was sufficient to create a prima

facie case in behalf of plaintiff upon the hearing of his motion to reopen the case before the Board. We have already said that Dr. Johnson was not called upon to treat plaintiff, nor did he administer to him, since plaintiff's sole purpose in consulting him was to obtain his expert testimony as based upon the subjective symptoms which he gave to the physician.

That the burden is upon the one moving for a reopening of a compensation award, pending before the Board, is thoroughly settled by this court's opinions cited in annotations to section 342.125 in the volume of Notes to KRS, beginning on page 1156, some of which are: Standard Accident Insurance Co. v. Hinson, 251 Ky. 287, 64 S. W. 2d 574; University of Kentucky v. Combs, 261 Ky. 833, 88 S. W. 2d 981, and Department of Highways v. Harrell, 291 Ky. 90, 163 S. W. 2d 287.

Counsel for appellee in their effort to show that this case does not come within that rule rely chiefly on the cases of Allburn Coal Corp. v. Wilson, 222 Ky. 740, 2 S. W. 2d 365, 366, and Gorenz v. United States Coal & Coke Co., 212 Ky. 344, 279 S. W. 343. The latter case is an aftermath of one of the same style reported in 209 Ky. 370, 272 S. W. 882, and it requires but the reading of those two opinions to demonstrate that they are not in conflict with the opinions in the cases first above cited. Neither does the Allburn Coal Co. case apply to the facts of this instant one, as is pointed out by this court in the case of Trout v. Fordson Coal Co., 225 Ky. 372, 9 S. W. 2d 109, wherein it is shown that the motion of the injured servant to reopen the case in the Allburn Coal Co. case, for sufficient reasons stated in that motion, were uncontroverted by the employer, Allburn Coal Company, either by "pleading or by proof." As we have hereinbefore pointed out the alleged ground for the reopening sought in this case was specifically controverted by appellants, which renders that (Wilson) case entirely inapplicable. The statute supra vests the Board with large discretion in the determination of such motions, and that it may and should look to the record made at a former hearing, or hearings, had before it with reference to the same accident.

Looking to the record which was filed with and made a part of plaintiff's petition for review filed in the Jefferson circuit court, we at once discover that the Board

had before it the fact that the only physician who examined plaintiff and who gave him any treatment (Dr. Helmus) stated in his report that the injury produced the fracture of no bones and was purely muscular, and the results of the injury only temporary. That was followed by plaintiff resuming his work and continuing it without complaint, so far as the record shows, and without treatment of any physician, for over a year before he entered his motion to reopen the case. Even if we should assume that plaintiff was suffering from some ailment as described by him in his affidavit filed with his motion, the Board would have the right to determine that under the circumstances as so developed, such condition was not the result of plaintiff's injury, but from a cause totally disconnected from his employment.

We, in the cases of Chesapeake & O. R. Co. v. Wiley, 134 Ky. 461, 121 S. W. 402, and Illinois Cent. R. Co. v. Townsend, 206 Ky. 329, 267 S. W. 161, held that the opinion of a physician, based on subjective symptoms, and who had not treated the complaining litigant but had been especially called upon for the purpose of obtaining his expert testimony, was inadmissible for the purpose of establishing litigated issues. The opinion in the Townsend case cited a number of prior ones to the same effect, and it has been followed by the cases of Great Atlantic & Pacific Tea Co. v. Eiseman, 259 Ky. 103, 81 S. W. 2d 900; Agsten v. Brown-Williamson Tobacco Corp., 272 Ky. 20, 113 S. W. 2d 829, and cases cited in those opinions. It is true that Dr. Johnson did state that he discovered some "malformation in the lower back region * * * which objectively showed an atrophied condition of the right limb," but he never stated that such condition could have, or did result from plaintiff's accident which occurred more than a year before Dr. Johnson's affidavit was made, and of course, before he was called upon to make it.

We therefore conclude that plaintiff failed to sustain the burden of proof cast upon him to prove on the hearing of the motion to reopen his case before the Board that the alleged change of his condition, if true, resulted from the accident he sustained. We have found that the affidavit of Dr. Johnson which plaintiff filed as a part of his motion, was not sufficient to sustain that burden, or to create a prima facie case for him. But, were it other-

wise, then the Board in the exercise of its discretion had the right to review, at the hearing of that motion, all parts of the previous record and to pass upon the question submitted to it. It possessed a sound discretion in the matter and concluded that plaintiff had not made a sufficient showing (a change of condition as a result of the accident) to authorize a reopening of the case. Having exercised its discretion and having determined the issue of fact involved, based upon facts contained in the record, the reviewing Jefferson circuit court was without authority to reverse its judgment by overruling appellants' demurrer to appellee's petition.

Wherefore, the judgment is reversed with directions to sustain the demurrer to the petition, and for other proceedings consistent with this opinion.