## JUDE v. CUBBAGE et al.

Court of Appeals of Kentucky.
May 16, 1952.

Rehearing Denied Oct. 31, 1952.

V. R. Bentley, Pikeville, for appellant.

Sanders & Hyden, Pikeville, for appellees.

WADDILL, Commissioner.

The appellant, Tom Jude, was injured on June 22, 1944, while working for the appellee, Cinderella Coal Corporation. Both parties had elected to operate under the Workmen's Compensation Act, KRS Chapter 342.

On July 31, 1944, an agreement on Form 9 was signed by the parties which reflects that appellant was to be paid compensation at the rate of $12.00 per week for a period of 162½ weeks for the partial loss of his right leg which had been amputated three inches below the knee. On February 16, 1945, the agreement was filed and approved by the Compensation Board. After appellant had been paid approximately $1,800 pursuant to the agreement, he was tendered the balance due thereunder which he rejected.

On March 31, 1951, appellant, by counsel, filed a motion before the Board to reopen his case, alleging: (1) A "change of condition"; and, (2) that appellee had procured the agreement by a fraudulent mis-representation. In support thereof he filed the affidavits of Dr. G. W. Easley and Dr. J. C. Gasgel which stated that they had examined appellant and in their opinion appellant "is now physically unable to pursue any gainful employment in or around the coal mines and that he is permanently disabled physically." On August 6, 1951, counsel for appellant filed a supplemental motion which contained an elaboration of the grounds set forth in his original motion. Appellee filed a response denying appellant's allegations.

Neither the motion nor the supplemental motion was signed or verified by appellant, nor did appellant submit his affidavit or any further evidence to support his allegations.

On August 21, 1951, the Compensation Board entered the following order:

"* * *. The affidavits of doctors filed in support of the motion are not sufficient to show change of condition, and there is no other showing as to change of condition, fraud, or mistake. Therefore, the motion to reopen will have to be overruled. * * *."

On appeal, the circuit court sustained a demurrer to appellant's petition for review.

In cases of this kind where the proceeding before the Board was under KRS 342.125, this Court has held that one moving for a reopening of a compensation award has the burden of proving that the change of condition was a direct and proximate result of the injury. W. E. Caldwell Co. v. Borders, 301 Ky. 843, 193 S.W.2d 453. Looking to the contents of the affidavits of the physicians filed in support of the motion, we find no statement that there has been a change in appellant's condition that is ascribed to the injury he received. For this reason appellant's motion to reopen the case on that ground must fail.

Appellant next contends that the agreement was obtained by a fraudulent misrepresentation in that the agreement provided for the payment of compensation in an amount less than the amount permitted by the Compensation Act, when the statement appearing under Item 8 of the

agreement stated that "the compensation agreed upon herein, as above set forth, is an amount not less than is provided by the Workmen's Compensation Act."

There is no merit in this contention. The agreement made a full disclosure of the essential facts concerning appellant's injury and the amount of compensation to be paid. When the agreement was approved by the Compensation Board it acquired the force and effect of an award of the Board. KRS 342.256; Cornwell v. Commonwealth, 304 Ky. 182, 200 S.W.2d 286. Hence, the amount of compensation that appellant was entitled to receive under the Compensation Act (and under Item 8 of the agreement) was thereby determined. Therefore, it is clear that the statement appearing in the agreement complained of by appellant was neither false nor fraudulent.

Wherefore, the judgment of the circuit court is affirmed.