**SKY TOP COAL COMPANY et al.,**
**Appellants,**

v.

**Oscar ROARK, Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1966.

Joe Nagle, Denham, Ralston & Nagle, Middlesboro, Robert Matthews, Atty. Gen., for appellants.

Julian Golden, Pineville, for appellee.

PALMORE, Chief Justice.

Appellee, Oscar Roark, sustained a compensable injury to his back in 1958. A set-tlement based on 30% permanent partial disability was approved by the Workmen's Compensation Board in 1959. In October of 1964 he moved to re-open pursuant to KRS 342.125 upon a showing of changed condition. The motion was sustained for the purpose of admitting proof, following reception of which the Board found that Roark is now permanently and totally disabled but had failed to establish that the change of condition is the direct and proximate result of the injury. The motion was therefore overruled on the merits.

An appeal by Roark to the Bell Circuit Court resulted in a judgment finding that the changed condition is wholly attributable to the injury and awarding increased compensation. The employer appeals.

The 1959 settlement was based on the opinion of Dr. William K. Massie, an orthopedic surgeon, that Roark had a 25% to 30% permanent partial impairment, and the only medical testimony presented in support of the motion to re-open was given by Dr. Massie after further examination and treatment during the intervening five years. Upon re-evaluation in 1964 Dr. Massie found Roark to be totally and permanently disabled as a coal miner, his regular occupation.

Roark had the burden of proving "that the change of condition was a direct and proximate result of the injury." Jude v. Cubbage, Ky., 251 S.W.2d 584, 585 (1952); W. E. Caldwell Co. v. Borders, 301 Ky. 843, 193 S.W.2d 453, 454 (1946). It is our conclusion that the testimony of Dr. Massie did not establish the necessary causation, certainly not so as a matter of law. To illustrate, against the following questions and answers given under cross-examination the board could not reasonably be compelled to find for the claimant:

Q—"Doctor Massie, would it be possible for you to separate in your own opinion the amount of this man's disability which was caused by the condition which you have described here—that is, the degenerative

condition of his spine—as related to the injury that this man complained of when he came to you previously in 1959? In other words, I believe you have stated that he became symptomatic at the time he described this particular fall or injury to you and I believe you have previously stated in some of your reports that there was an aggravation of this degenerative condition; can you tell to what extent this injury aggravated the condition and to what extent the degenerative condition itself caused his disability?"

A—"Well, since this is more or less an educated guess, and since I probably should have the information to arrive at this division of responsibility, in most cases I have divided the degenerative changes and the acute superimposition of trauma on a fifty-fifty basis. Now I would say this is so of the first condition—that is, the original condition on which he had pain superimposed on a degenerative change; *the changes which have occurred subsequently I feel are primarily a change of degeneration rather than [sic] he has had repetitive small trauma, but primarily the change which has occurred in the past five years is due to aging rather than to any specific injury*; because as the patient readily relates, though he has had re-aggravations at times, and as I related in my report above, I have seen him on several occasions in which he has had this reoccurrence of symptoms. They are minor activities which bring on these changes and this is of course the reason I feel this man cannot continue to carry on satisfactorily a job which would allow him to re-aggravate his back."

Q—"When you speak of aggravating the back, you speak of aggravating again this degenerative condition in which his back is now?"

A—"That is correct."

Q—"And you think that in the last five years this condition has been due to aging rather than to any specific injury or injuries?"

A—"Yes, I think the aging process has made this back so much more susceptible to re-aggravating injuries that even minor injuries now make these evident in symptoms." (Emphasis added.)

It follows that there was no proper basis for the circuit court to overturn the findings of the Board.

The cause is reversed with directions that the opinion and final order of the Board be sustained.