Ronald ROBINSON, Appellant,

v.

BAILEY MINING COMPANY; Consol of Kentucky, Inc.; Special Fund; Zaring P. Robertson, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 98–SC–942–WC.

Supreme Court of Kentucky.

June 17, 1999.

Phyllis L. Robinson, London, Ralph Roland Case, Pikeville, for appellant.

David H. Neeley, Neeley & Reynolds Law, Offices, P.S.C., Prestonsburg, for appellee Bailey Mining Co.

Natalie D. Brown, John W. Walters, Jackson & Kelly, Lexington, for appellee Consol of Kentucky, Inc.

Joel D. Zakem, Labor Cabinet—Special Fund, Louisville, for appellee Special Fund.

OPINION OF THE COURT

This workers' compensation appeal concerns whether a worker who settled the claim for a work injury was entitled to reopen the claim subsequent to a second injury, in order to receive combined benefits for total, occupational disability, without demonstrating an increase of occupational disability for which a worsening of the initial injury, itself, was the proximate cause.

Claimant severed his left forearm in a 1980 work-related accident while employed by Bailey Mining Company. The claim was settled for a lump sum which represented a 78.268% occupational disability. He was able to return to work after the injury. Eventually, claimant was employed by Consol of Kentucky, Inc., in whose employment he sustained a work-related injury on January 8, 1994. He filed a workers' compensation claim for the 1994 injury and also moved to reopen the 1980 claim, alleging that he had become totally, occupationally disabled by the two injuries and was entitled to an award of total disability at the 1994 rate pursuant to the decision in *Campbell v. Sextet Mining Co.*, Ky., 912 S.W.2d 25 (1995).

The Administrative Law Judge (ALJ) who considered the matter determined that claimant was totally disabled, attributing 50% of the disability to prior, active

disability due to the 1980 injury and 50% due to psychiatric residuals from the 1994 injury. Although the ALJ noted that claimant's occupational disability from the 1980 injury had decreased, the claim was reopened on the belief that *Campbell v. Sextet Mining Co.* entitled claimant to an increased award because the 1994 injury had resulted in total disability. The Workers' Compensation Board reversed the decision to the extent that *Campbell v. Sextet Mining Co.* was applied to these facts because there was no evidence of an increase in occupational disability due to the 1980 injury which would justify the imposition of additional liability for the injury. The decision was affirmed by the Court of Appeals, and the claimant appeals.

 This appeal results from the misapprehension that *Campbell v. Sextet Mining Co.*, authorizes an award of benefits for total disability whenever the effects of successive injuries result in total disability. See also, *Fleming v. Windchy,* Ky., 953 S.W.2d 604 (1997), and *Spurlin v. Brooks,* Ky., 952 S.W.2d 687 (1997). Unlike *Campbell v. Sextet, Fleming v. Windchy,* and *Spurlin v. Brooks,* the instant case does not involve an injury which resulted in excess disability because it occurred within the compensable period of a prior, partially disabling injury and rendered the worker totally, occupationally disabled. Here, the reopening of the prior claim and the imposition of additional liability for that claim occurred because a subsequent injury caused the worker to become totally disabled. There was no evidence whatsoever of an independent worsening of the first injury. In fact, the evidence was that it had become less disabling over time and that claimant's prior, active disability in 1994 was 50%. The imposition of additional liability pursuant to the reopening of a workers' compensation award is authorized only in those instances where an increase in occupational disability (or an additional medical expense) is the direct and proximate result of the injury which is the subject of the award. See *Sky Top Coal Company v. Roark,* Ky., 407 S.W.2d 411 (1966). Under those circumstances, the ALJ erred by reopening the award and imposing additional liability simply because a subsequent injury rendered the worker totally, occupationally disabled.

The decision of the Court of Appeals is affirmed.

All concur.