**Robert L. WHITTAKER, Director of Special Fund, Appellant,**

v.

**Edward E. IVY; Peabody Coal Company (Settled); Richard H. Campbell, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2001–SC–0322–WC.

Supreme Court of Kentucky.

Feb. 21, 2002.

Joel D. Zakem, Frankfort, Counsel for Appellant.

John S. Sowards, Jr., Wilson, Sowards, Polites, & McQueen, Lexington, Counsel for Appellee, Edward E. Ivy.

## OPINION OF THE COURT

In 1985, the claimant sustained a partially disabling back injury that required surgery. He settled the claim with the employer and Special Fund, obtained other employment, and performed physically strenuous work until August, 1994. In 1997, he moved to reopen the back injury claim, alleging increased disability due to a worsening of his condition and, after settling with the employer, he proceeded against the Special Fund. Based upon the medical evidence, the Administrative Law Judge (ALJ) determined: that the claimant was totally disabled at reopening; that the effects of the subsequent employment had contributed to the worsening of his condition; that absent the subsequent, physically strenuous work, the progression of the 1985 injury would not have caused a total disability; and that because the compensable period for the 1985 injury had long since expired, the reopening must be dismissed on the merits. Reversing an affirmance by the Workers' Compensation Board (Board), the Court of Appeals remanded the matter for the ALJ to determine what portion of the increased disability at reopening was attributable to the aftereffects of the 1985 injury and to the subsequent work and then to award benefits accordingly. We reverse.

The Court of Appeals premised its decision upon the view that this proceeding involved only a reopening and did not involve claims for two separate and distinct injuries. Nonetheless, the claimant last worked in 1994 at which time an injury was defined as a work-related harmful change in the human organism. The ALJ determined from the medical evidence that the worsening of the claimant's degenerative condition since the initial award was partially caused by the effects of the strenuous work performed in two, subsequent employments and that the worsening of the 1985 injury, by itself, did not result in total disability. Thus, the ALJ concluded that the subsequent employments caused a work-related harmful change and that absent the disability that was attributable to that harmful change, the claimant would have been only partially disabled. Each of these findings was supported by substantial evidence in the record.

It is undisputed that KRS 342.125 permits the reopening of an award upon an increase in disability, but a worker's right to do so is limited to the period of the initial award or to the period that is justified by the facts at reopening. *Hodgkin v. Webb*, Ky., 310 Ky. 745, 221 S.W.2d 664 (1949). Thus, although his disability may have increased, a worker may not reopen a partial disability award after its period has expired unless he becomes totally disabled, in which case he may reopen and receive total disability benefits for what then remains of the period for total

disability. *Id.* It is axiomatic that a worker who seeks an increased award at reopening must demonstrate that the increased disability for which compensation is sought is the direct and proximate result of the injury that is the subject of the award. *Sky Top Coal Co. v. Roark,* Ky., 407 S.W.2d 411 (1966); *Jude v. Cubbage,* Ky., 251 S.W.2d 584, 585 (1952). Furthermore, the effects of a subsequent work-related injury is not the basis for increasing a prior award; any disability that is attributable to the effects of a subsequent injury is properly the subject of a claim for that injury. *Robinson v. Bailey Mining Co.,* Ky., 996 S.W.2d 38 (1999).

██ The Court of Appeals was correct in stating that nothing requires a worker to show at reopening that the entire increase in disability is attributable to the effects of the initial injury. The fact remains, however, that only disability that is attributable to the claim that is reopened can be the basis for increasing the award for that claim. Thus, where a worker seeks to reopen a claim after sustaining a subsequent injury, only the increase in disability that is attributable to the initial injury may be considered when determining whether the injury's compensable period has expired for the purpose of then determining whether the claim may be reopened. In the instant case, the effects of the 1985 injury, by themselves, were only partially disabling; therefore, the claim for that injury could no longer be reopened in 1997 because the period for, partial disability had long since expired.

The decision of the Court of Appeals is reversed, and the decision of the ALJ is reinstated.

All concur.