**Mary BELL, Substituted Party For Rodney Bell, Deceased, Appellant,**

**v.**

**CONSOL OF KENTUCKY, INC.; Hon. R. Scott Borders, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2009–CA–000673–WC.

Court of Appeals of Kentucky.

Sept. 4, 2009.

Kenneth C. Smith, III, Catlettsburg, KY, for appellant.

Stuart Bennett, Lexington, KY, for appellee, Consol Of Kentucky, Inc.

Before MOORE and NICKELL, Judges; HARRIS,[1] Senior Judge.

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

*OPINION*

HARRIS, Senior Judge.

Mary Bell, substituted party for Rodney Bell, deceased, filed this petition for review of a decision by the Workers' Compensation Board, which affirmed the decision of the Administrative Law Judge (ALJ) to reduce the benefit payments by 50% pursuant to KRS 342.730(3). Bell argues that KRS 342.730(3) does not apply to settlement agreements and that the Board should have applied KRS 342.125 and KRS 342.265. The question of whether KRS 342.730(3) applies to settlement agreements appears to be one of first impression. We find that KRS 342.730(3) is applicable to settlement agreements and affirm the decision of the Workers' Compensation Board.

Rodney Bell was employed by Consol of Kentucky, Inc. Bell filed a consolidated workers' compensation claim for hearing loss and injuries sustained to his spine, joints, and limbs. The claims were settled by agreement approved on April 17, 2007. The agreement provided that Bell would receive $70.00 per week to be paid weekly for 425 weeks beginning on February 1, 2006. Bell agreed to waive the right to reopen the settlement for consideration of $125.00.

On July 4, 2007, Rodney Bell died in a motorcycle accident. On July 19, 2007, a motion was filed in the name of Rodney Bell to change the payee of the settlement agreement to Mary Bell and requested that the full amounts of the remaining settlement benefits be paid to her. Neither Mary Bell nor the estate of Rodney Bell was substituted as a party. On August 3, 2007, the ALJ granted the motion to change the payee of the settlement benefits to Mary Bell and provided that she was to receive benefits at 50% of the rate specified in the settlement agreement pursuant to KRS 342.730(3). Bell filed a peti-

tion for reconsideration, which the ALJ denied.

Bell appealed to the Board, which affirmed the decision of the ALJ. This Court reversed the Board's holding that the ALJ lacked jurisdiction to substitute the payee because Mary Bell had not been substituted as a party. *Bell v. Consol of Kentucky, Inc.,* 2008 WL 2231131 (Ky.App.2008) (2008–CA–000227–WC). This Court remanded with directions that Mary Bell be substituted as the real party in interest and for the ALJ to reissue his decision. On remand, Bell was substituted as the real party in interest, and the ALJ again ordered that benefits be paid to Bell at 50% of the rate specified in the settlement agreement pursuant to KRS 342.730(3). Bell filed a motion for reconsideration, which the ALJ denied. The Board affirmed the decision of the ALJ, finding that KRS 342.730(3) applied to the settlement agreement and that KRS 342.265(4) and KRS 342.125 specifically did not apply. This petition for review of the decision of the Board followed.

■ Bell first argues that KRS 342.730(3)(a) does not apply to settlement agreements. KRS 342.730(3)(a) provides:

(3) Subject to the limitations contained in subsection (4) of this section, when an employee, who has sustained disability compensable under this chapter, and who has filed, or could have timely filed, a valid claim in his lifetime, dies from causes other than the injury before the expiration of the compensable period specified, portions of the income benefits specified and unpaid at the individual's death, whether or not accrued or due at his death, shall be paid, under an award made before or after the death, for the period specified in this section, to and for the benefit of the persons within the classes at the time of death and in the

proportions and upon the conditions specified in this section and in the order named:

(a) To the widow or widower, if there is no child under the age of eighteen (18) or incapable of self-support, benefits at fifty percent (50%) of the rate specified in the award[.]

■ The law is well established that an approved settlement agreement carries the force and effect of an award. *Jude v. Cubbage,* 251 S.W.2d 584, 586 (Ky.1952). The Board correctly found that "once the ALJ approved the settlement agreement on April 25, 2007, upon being subsequently apprised of Bell's untimely death, the provision of KRS 342.730(3) provides the mechanism for the payment of the remaining benefits to the applicable classes of persons eligible to receive these benefits." We find no error in the application of KRS 342.730(3)(a) to the settlement agreement.

■ Bell next argues that KRS 342.265(4) and KRS 342.125 should have been applied to this situation. We disagree.

KRS 342.265(4) states:

If the parties have previously filed an agreement which has been approved by the administrative law judge, and compensation has been paid or is due in accordance therewith and the parties thereafter disagree, either party may invoke the provisions of KRS 342.125, which remedy shall be exclusive.

KRS 342.125(1) provides in pertinent part:

(1) Upon motion by any party or upon an administrative law judge's own motion, an administrative law judge may reopen and review any award or order on any of the following grounds:

(a) Fraud;

(b) Newly-discovered evidence which could not have been discovered with the exercise of due diligence;

(c) Mistake; and

(d) Change of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order.

None of the KRS 342.125(1) factors are applicable to the circumstances of this case. The issue in this case is how the remaining benefits of an award are to be distributed to a widow after the employee's death from a non-work related injury. As stated above, KRS 342.730(3) controls the resolution of this issue.

■ Finally, Bell argues that the application of KRS 342.730(3) to settlement awards is contrary to public policy.

It is beyond the power of a court to vitiate an act of the legislature on the grounds that public policy promulgated therein is contrary to what the court considers to be in the public interest. It is the prerogative of the legislature to declare that acts constitute a violation of public policy.

*Com. ex rel. Cowan v. Wilkinson,* 828 S.W.2d 610, 614 (Ky.1992). We decline to declare that the application of KRS 342.730(3) to settlement awards violates public policy.

Accordingly, the decision of the Workers' Compensation Board is affirmed.

ALL CONCUR.