# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$ FINAL

2016-SC-000327-WC

DATE 4/13/17 Kim Redmon DC

LANDY MILLS                                                                APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                    CASE NO. 2015-CA-001168-WC
WORKERS' COMPENSATION BOARD NO. 13-WC-00153

NALLY AND HAMILTON ENTERPRISES,                          APPELLEES
HONORABLE J. GREGORY ALLEN, ADMINISTRATIVE
LAW JUDGE AND WORKER'S COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

### I.  FACTUAL AND PROCEDURAL BACKGROUND.

Landy Mills filed a workers' compensation claim against Nally and Hamilton (Nally) when he was injured during the course of his employment. Mills claimed to have injured his back, his right leg, and his right foot. At the hearing, Mills and Nally agreed to a $40,000 lump-sum agreement that included interest, attorney's fees, vocational rehabilitation, temporary total disability, permanent total disability, permanent partial disability, a *waiver of the right to reopen*, and a waiver of medical expenses. This settlement agreement acted as a total dismissal of the claim with prejudice.

The agreement contained, in pertinent part, the following key terms and conditions:

In consideration of the lump sum payment set forth above, the Plaintiff and the Defendant hereby agree that the Plaintiff completely releases and forever discharges the Defendant from any and all liability for further reopening for income benefits pursuant to KRS 342.125 based on an increase in occupational disability, statutory disability, or any other theory of recovery which the Plaintiff now has, or which may hereafter accrue or otherwise be acquired, on account of, or which may in any way grow out of the alleged work-related injury and that the Plaintiff's claim for benefits shall be dismissed with prejudice. ***Plaintiff shall have no right to reopen for increased occupational disability benefits in consideration of the amounts paid pursuant to this agreement. $8,000.00 of the lump sum settlement to the Plaintiff constitutes consideration for the waiver of the right to reopen.*** $8,000.00 of the lump sum constitutes consideration for the waiver of all past, present, and future medical expenses. No past or future medical bills will be paid by the Defendant-Employer. $500.00 of the lump sum is specifically paid as consideration for the waiver of all claims for vocational rehabilitation. The remainder of the settlement proceeds constitutes consideration for the waiver of all claims for income benefits including temporary total disability; permanent partial disability; permanent total disability; interest and attorney fees.

The agreement also recognized that Mills was apprised to the terms and conditions and fully understood he was dismissing future benefits with prejudice.

The Chief Administrative Law Judge (CALJ) approved the settlement agreement on August 27, 2013. In the time leading up to approving the agreement, Mills had received an MRI of his lumbar spine and was referred to Dr. Bean for surgical intervention on August 26, 2013—the day before the CALJ approved the settlement. Accordingly, on September 6, 2013, Mills filed a "Motion to Set Aside Proposed Settlement," asserting his need for surgery as the basis for setting aside the agreement. Nally objected to both Mills's characterization of the motion and the merits of his petition. In Nally's view,

2

the motion was, by its terms, a motion to reopen the case, that the express terms of the agreement prevented Mills from pursuing.

The CALJ granted Mills's motion. But on appeal, the Board dismissed the appeal after determining that the CALJ treated the motion to set aside the settlement as a motion to reopen Mills's claim. Under Kentucky Rules of Civil Procedure (CR) 54.02(1) and (2), an order is only appealable if it terminates the action itself, acts to decide all matters litigated by the parties, determines all the rights of the parties, and divests the ALJ of his or her authority. The Board then reasoned that because the CALJ's order only determined that Mills made a prima facie showing that he may prevail under evidence proffered in favor of reopening, the order was not final and appealable. The order failed to show a change in disability caused by the injury and there was no final award. So the Board dismissed and the case was then reassigned to an ALJ.

The ALJ then ordered that the settlement agreement was valid and enforceable under KRS 342.265 and that Mills's motion to set aside the agreement did not comport with Kentucky administrative regulations. Under KRS 325.265, a reopening may be justified through evidence the agreement was procured by fraud, mistake, or newly-discovered evidence that could not have been discovered by due diligence. Mills's referral to Dr. Bean occurred before the agreement, so the ALJ concluded his new need for surgery did not amount to newly-discovered evidence. Mills acknowledged that he fully understood and consented to the terms of the agreement, so the ALJ concluded that the plain language waived Mills's ability to reopen the claim.

3

Mills then filed a motion for reconsideration with the ALJ. Specifically, Mills asserted that he had not filed a motion to reopen under the terms of KRS 325.265 and insisted his motion was in fact a motion to set aside the agreement. The ALJ denied the petition for reconsideration. In his order, the ALJ reiterated that the Board determined that though Mills did not label his original motion as such, it was in fact a motion to reopen to be considered under the provisions of KRS 325.265. Mills appealed to the Board again.

The Board affirmed the ALJ. In reaching its decision, the Board again found there was no basis for setting aside the previously approved settlement. KRS 325.265(4) provides that the only remedy once an agreement has been approved by an ALJ is for a party to move to reopen under KRS 342.125. And this process involves two steps: (1) a claimant files a prima facie motion providing sufficient information to demonstrate a substantial possibility of success; and (2) if he succeeds in demonstrating a prima facie case, the matter is assigned to an ALJ to set additional proof time to fully adjudicate the merits of reopening. The Board held that the CALJ's original order setting aside the agreement was not controlling because it amounted to making a ruling prior to taking proof on the questions of fraud, mistake, or newly discovered evidence. Mills then appealed to the Kentucky Court of Appeals.

The Court of Appeals affirmed the Board. The appellate court held that filing a motion to reopen under KRS 342.125 was his exclusive remedy from the approved settlement agreement, despite his efforts to style his motion as one to set aside the settlement. And as such, the panel concluded the CALJ's

order setting aside the agreement should have stated it was reopening the claim—in essence, determining that Mills established a prima facie case. The court then ruled that the agreement was valid and supported by substantial evidence, with Mills acknowledging that he entered into the agreement knowingly and received monetary consideration in exchange for waiving his right to reopen. Because Mills failed to prove the existence of fraud, mistake, or newly discovered evidence, the Court of Appeals ruled that the ALJ had no basis for reopening the claim. Mills appealed to this Court.

## II. ANALYSIS.

### Standard of Review.

On appellate review of the Board's decision in a workers' compensation appeal, our role "is to correct the Board only where the...Court believes the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."[1] This is a highly deferential standard and we will only displace the Board's judgment with our own upon a finding of grave error. As such, Mills faces an uphill battle to succeeding on appeal.

### The Board's Opinion was Supported by Substantial Evidence.

Mills's essential argument on appeal is that the Board failed to apply the doctrine of res judicata in rendering its decision. He correctly highlights that the doctrine indeed does apply to workers' compensation claims.[2] In this

---

[1] *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992).
[2] *See Whittaker v. Cecil*, 69 S.W.3d 69, 72 (Ky. 2002).

5

context, the CALJ to set aside the agreement. So according to Mills, the ALJ ignored res judicata when he ruled that the settlement agreement is enforceable.

Nally alternatively argues, as both the Board and the Court of Appeals agreed, that an approved settlement agreement carries the same full force and effect as an award from a judge.[3] Additionally, Nally reminds us that a claimant may waive his right to reopen his claim as part of a settlement agreement.[4] And indeed, we have recognized that settlement agreements are favored and should be enforced whenever possible.[5] Nally contends that once the settlement was approved, Mill's only avenue for relief was a motion to re-open the claim under the strictures of KRS 342.125. We agree.

KRS 342.265(4) provides that "If the parties have previously filed an agreement which has been approved by the administrative law judge, and compensation has been paid or is due in accordance therewith and the parties thereafter disagree, either party may invoke the provisions of KRS 342.125, which remedy shall be exclusive." This would appear to contemplate today's case perfectly. Here both parties entered into a settlement agreement, the agreement was approved by an ALJ, and Mills received valued consideration in the form of $8,000 in exchange for his right to re-open. By the express terms of

---

[3] *See Bell v. Consol of Kentucky, Inc.*, 294 S.W.3d 459, 462 (Ky. App. 2009) (citing *Jude v. Cubbage*, 251 S.W.2d 584, 586 (Ky. 1952)).

[4] *See Richey v. Perry Arnold, Inc.*, 391 S.W.3d 705, 710 (Ky. 2012).

[5] *See Beale v. Faultless Hardware*, 837 S.W.2d 893 (Ky. 1992).

this statute, Mills's only way to alter the approved agreement is to invoke the terms of KRS 342.125. And he did not move the Board on those grounds.

But moreover, Mills's settlement agreement expressly contracted away his right to reopen this claim. In *Whittaker v. Pollard*, we held that though a settlement award may be reopened under KRS 342.125, a reopening may nonetheless still be precluded by the terms of the underlying agreement.[6] Here, there are no allegations of fraud or bad faith in entering the settlement agreement. Mills received a lump sum of $8,000 in exchange for vacating his statutory right to reopen his claim. To us, it seems clear that the Board was correct in rejecting his attempts to continue this workers' compensation claim once the agreement had been approved.

## III. CONCLUSION.

For the reasons stated above, we affirm the Board's ruling that Mills may not reopen his claim.

All sitting. All concur.

---

[6] 25 S.W.3d 466 (Ky. 2000).